## Anthony J. Gibbons et al. v. Walter Vanderhoogt.

1. ORDINARY CARE—*Exercise of, a Question for the Jury.*—In a suit based on injuries to a boy of fourteen years, alleged to have been caused by the negligence of the defendant, it is for the jury to determine what care should be required of the plaintiff under the circumstances, and the

fact that the plaintiff in this case seated himself on the rear end of a wagon and directly in front of another wagon, can not be held to constitute negligence *per se.*

2   Negligence—*Held Not to be Shown by the Evidence.*—In a suit based on the alleged negligence of the defendant, the court discusses the evidence and holds that a verdict for the plaintiff is not supported by evidence of any negligence of defendant as a proximate cause of the injury complained of.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. William G. Ewing, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed March 24, 1898.

## Statement of the Case.

Appellants were engaged in the business of general teaming. On July 9, 1894, they were, by their servant, Wallace, driving a team of horses attached to a heavy oil-tank wagon westward on Van Buren street. Just ahead of this oil-tank wagon, and proceeding in the same direction, was a wagon of Reid, Murdoch & Co. The horse drawing this wagon was blind. As they neared Clark street, appellee, a boy of about fourteen, climbed upon the Reid, Murdoch & Co. wagon and sat down, letting his legs hang down over the back end of the wagon.

As the two teams, one five to eight feet ahead of the other, and the horses of each walking at an ordinary gait, were about to cross Clark street, a buggy crossing in front of the blind horse drawing the Reid, Murdoch & Co. wagon, struck the horse, frightening it, and caused it to suddenly stop and back up. The result was that the pole of appellants' wagon and the rear of the Reid, Murdoch & Co. wagon were brought in contact, and the boy, appellee, was severely injured. For such injury, and alleging negligence of appellants as the proximate cause thereof, he brought this suit, and recovered verdict and judgment in the trial court.

John E. Dalton, attorney for appellants.

" If a child from its age and experience be found to have capacity and discretion to observe and avoid danger, it should be held responsible for the exercise of such measure

of capacity and discretion as it possesses." Chicago & A. R. R. Co. v. Becker, Adm'r, 76 Ill. 32.

"The opinion of judges on this point has been conflicting, but the weight of authority in the United States is overwhelmingly in favor of holding an infant, so far as he is personally concerned, only to such a degree of care as is usual among children of his age, though if his own act directly brings an injury upon him, while the negligence of the defendant is only such as exposes the child to the possibility of injury, the latter can not recover damages."

"If a minor has reached years of discretion and is fully capable of comprehending danger, and using sufficient care to avoid it, he may be guilty of contributory negligence as a matter of law. Thus, where an intelligent boy of fourteen, knowing of the dangers of machinery generally, and familiar with a railroad adjacent to his place of work, heedlessly ran onto the track in front of a locomotive, and was killed, it was held as a matter of law that he was guilty of contributory negligence." Shearman & Redfield on Negligence, Sec. 49; Nagle v. Alleghany Valley Railroad Co., 88 Pa. St. 35; 32 Am. Rep. 413.

CASE & HOGAN, attorneys for appellee.

We desire to call the attention of the court to the following authorities sustaining our contention that whether or not the boy was guilty of contributory negligence, and whether or not he failed to exercise ordinary care, were clearly questions for the jury. Wabash Railway Co. v. Brown, 152 Ill. 488; Cicero Street Railway Co. v. Meixner, 160 Ill. 324; Detroit &. M. Railway Co. v. Van Steinburg, 17 Mich. 120; Ward v. Chicago & N. W. Ry. Co., 165 Ill. 467.

"Although the facts are undisputed, it is for the jury and not for the judges to determine whether proper care was given, or whether they establish negligence." Railroad Company v. Stout, 17 Wall. 657.

"There is no fixed standard in the law by which the court is expected to arbitrarily say in every case what conduct shall be considered reasonable and prudent, and what shall

Gibbons v. Vanderhoogt.

constitute ordinary care under any and all circumstances. The terms 'ordinary care,' 'reasonable prudence,' and such like terms, as applied to the conduct and affairs of men, have a relative significance, and can not be arbitrarily defined. What may be deemed ordinary care in one case may, under different surroundings and circumstances, be gross negligence. The policy of the law has relegated the determination of such questions to the jury under proper instructions from the court. It is their province to note the special circumstances and surroundings of each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonably prudent men under a similar state of affairs. When a given state of the facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them, that the question of negligence is ever considered one of law for the courts." Railroad Co. v. Ives, 144 U. S. 408; Low v. Grand Trunk R. Co., 72 Me. 313; Hartwig v. Chicago & N. W. Ry. Co., 49. Wis. 358; Sullivan v. New York, etc., R. Co., 154 Mass. 527; Illinois Central R. Co. v. Foley, 53 Fed. Rep. 463.

Mr. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

It is contended by counsel for appellants, under appropriate assignments of error:

1st. That the trial court erred in refusing to give the fifth instruction tendered by appellants.

2d. That the evidence showed contributory negligence on the part of appellee, which barred a recovery.

3d. That the evidence failed to show any negligence on the part of appellants.

The fifth instruction was properly refused. It was substantially included in the second instruction given for appellants. This was sufficient, and there was no obligation upon the court to repeat it, however accurate its substance may have been.

The question as to contributory negligence was properly submitted to the jury. It was for a jury to determine what circumspection should be required of this lad of fourteen under the circumstances, and under the rules as to ordinary care. The position assumed by him in the wagon can not be declared to have constituted *per se* such lack of care as would be, in contemplation of law, contributory negligence.

But the difficulty of appellee's case arises upon the question of a showing of any negligence on the part of appellants.

According to the testimony of all witnesses to the accident, five in number including appellee, the Reid, Murdoch & Co. wagon suddenly stopped when the team of appellants was following it at a distance variously stated at from five to eight feet. According to four of the five witnesses, the Reid, Murdoch & Co. wagon not only stopped, but was suddenly backed into contact with the pole of appellants' wagon, and this is not denied by any witness. One of the four, Meyers, a witness for appellee, changed his testimony when called a second time as a witness. His first statement was: "There must have been something run in front that brought these teams together. I can not tell, because they backed up so sudden. The Reid-Murdoch wagon backed up suddenly; it backed up into the Standard Oil (appellants') wagon. The driver of the Standard Oil wagon was attending to his horses; he seemed to be taking pretty good care of them; he was driving carefully."

Subsequently, when recalled, he testified that appellants' driver was looking north just before the accident.

From all the evidence it may be said to be undisputed that the accident was caused by the sudden backing up of the Reid, Murdoch & Co. wagon, with which occurrence appellants had no casual connection whatever.

The only attempt to fix any negligence upon appellants is by the testimony of Coleman and Meyers. Coleman testified that appellants' driver held his lines very loosely, and was looking north instead of at his team. He was also per-

mitted to say, on cross examination, "I thought it was a very careless piece or way of driving." Meyers, upon his second examination, said that appellants' driver was looking to the north.

But even if it be said that the jury might have credited Meyers upon his second statement, and believed Coleman, yet the fact that the driver was looking north and not attending to his team, if established, would not suffice to furnish the proximate cause of this injury, when the uncontradicted evidence is that the other wagon was suddenly backed against appellants' team, and was the precise and proximate cause of the injury. There is a decided preponderance of the evidence to the effect that appellants' driver was attending to his team, and that no act or omission by him had aught to do with the accident, and there is not a hint in the evidence that, if he was not attending to his team, but looking to the north, a different course of conduct could possibly have prevented a frightened horse in front from backing upon him, or that he could have in any way escaped the collision.

The verdict is not supported by evidence of any negligence of appellants as a proximate cause of the injury. The judgment is reversed and the cause remanded.