THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

WILLIAM F. BAUR.

*Opinion filed April 17, 1899.*

NEGLIGENCE—*standing on the platform of street car is not negligence per se.* Whether a passenger is guilty of negligence in leaving his seat and going upon the platform of a street car, from which he is thrown by the sudden starting of the car, is a question of fact for the jury under all the facts and circumstances.

*North Chicago Street Railroad Co.* v. *Baur*, 79 Ill. App. 121, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was an action brought by William F. Baur, against the North Chicago Street Railroad Company, to recover damages for personal injuries alleged to have been received by reason of negligence of the railroad company.

The declaration contains four counts. The first alleges that on the 29th day of January, 1896, the plaintiff was a passenger on a cable car of the defendant on its Wells street line, and that while he was in the exercise of ordinary care the defendant so improperly and negligently managed its cable car and railroad that he was thrown with great force and violence off the car and upon the ground, whereby he received the injuries complained of. The second alleges that the plaintiff was a passenger upon a cable car of the defendant on its Wells street line, in the exercise of due care, and when the car had passed the intersection of Wells and Eugenie streets the car upon which he was riding was suddenly jerked forward, whereby he was thrown from the car to and upon the ground, whereby he received the injuries complained of. The third alleges that on said date and at the said place the plaintiff was a passenger upon the car of the defendant,

riding upon its platform, and while such passenger and while in the exercise of ordinary care the defendant so negligently and improperly managed its cable car and railroad that the plaintiff was thrown with great force and violence off the platform of the car upon the ground, whereby he received the injuries complained of. The fourth alleges that at said time and place the plaintiff was a passenger upon a car of the defendant and was standing upon the platform of the car, and that the defendant so carelessly and negligently managed its car that it was jerked violently and without notice to the plaintiff, whereby the plaintiff was thrown from the platform of the car to and upon the ground, whereby he received the injuries complained of.

To the declaration the defendant pleaded the general issue, and on a trial the plaintiff recovered a judgment, which, on appeal, was affirmed in the Appellate Court. To reverse the judgment of the Appellate Court the railroad company has appealed to this court.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

MORAN, KRAUS & MAYER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

At the close of all the evidence in the case the defendant requested the court to instruct the jury to find the defendant not guilty. The court refused the instruction and the defendant excepted, and the ruling of the court on the instruction is the only error relied upon to reverse the judgment.

It may be conceded, as stated in the argument of counsel for appellant, that in order to recover it must appear from the evidence that at the time of the accident plaintiff was in the exercise of ordinary care and that the defendant was guilty of negligence which was the proximate cause of the injury. It is, however, contended that the plaintiff, at the time of the accident, was not in the

exercise of ordinary care, and that for this reason he can not recover. In order to determine this question a brief reference to the facts as established by the evidence is necessary.

It appears from the record that plaintiff took the cable car as a passenger at Monroe and Dearborn streets between twelve and one o'clock on the 29th of January, 1896. He procured a paper and took a seat in the car, and remained seated, reading his paper, until he reached North avenue and Eugenie street, within a block of his home, when he stepped out on the rear platform of the car for the purpose of alighting. While standing on the platform, with his back against the dash-board, the car gave a sudden jerk, throwing him over the dash-board and upon the street. Witnesses on the car testified that the jerk was so violent that passengers were thrown off their seats. It does not appear from the evidence that there was any regulation of the railway company prohibiting passengers from riding on the platform, but, on the other hand, it appears that other passengers did ride on the platform without objection on the part of those in charge of the car.

Was the fact, therefore, that plaintiff was standing on the platform when injured, such negligence as would preclude a recovery? We think not. Whether the plaintiff's standing on the platform was negligence was a question of fact for the jury to determine from all the facts and circumstances surrounding the transaction. In *North Chicago Street Railroad Co.* v. *Williams*, 140. Ill. 275, it was held that whether a person, in getting upon a street car while it is in motion, is chargeable with want of ordinary care is a question of fact for the determination of the jury under all the circumstances of the case. In the decision of the case, *McDonough* v. *Metropolitan Railroad Co.* 137 Mass. 210, and *Briggs* v. *Union Street Railway Co.* 140 id. 72, are quoted with approval, in both of which cases it was held to be a question of fact whether a person riding

upon the platform of a street car or attempting to get upon a street car in motion was guilty of negligence.

*Meesel* v. *L. &.B. R. R. Co.* 8 Allen, 234, is also cited. In the decision of this case it is said: "The seats inside the car are not the only places where the managers of the train expect passengers to remain, but it is notorious that they stop habitually to receive passengers to stand inside till the car is full, and then to stand upon the platforms till they are full, and continue to stop and receive them even after there is no place for them to stand except on the steps of the platforms. Neither the officers of these corporations nor the traveling public seem to regard this practice as hazardous, nor does experience thus far seem to require that it should be restrained upon the ground of its danger. There is, therefore, no basis upon which the court can decide, upon the evidence reported, that the plaintiff did not use ordinary care. It was a proper case to be submitted to the jury upon the special circumstances which appeared in evidence."

In *Upham* v. *Detroit City Railway Co.* 85 Mich. 12, where a party was injured while riding on the front platform of a street car, in the discussion of the same question involved here the court said: "Defendant's counsel assert that plaintiff left a place of safety inside the car and voluntarily chose one of danger upon the platform, and that as his injury was due in part to the fact that he voluntarily took that position he cannot recover. * * * The answer to the question depends entirely, we think, upon whether or not it is negligence *per se* to ride upon the platform of a street car when one may ride within. Whether one leaves the car after entering, to ride upon the platform, or whether he steps upon the platform without entering, is of no consequence. His act is as voluntary in the one case as in the other, and the same rule must govern both. The record is entirely silent as to any regulations on the part of the defendant in this respect. But we cannot denude ourselves of the knowledge which is

alike common to all, that passengers are constantly riding upon these platforms with the tacit assent of the defendant, and without any protest, notice or regulation. * * * In the presence of the fact that passengers are permitted to ride upon these platforms constantly, can courts hold them to be dangerous *per se?*"

There are other cases establishing the same doctrine, but the rule is so well settled that the citation of other cases is not deemed necessary. The plaintiff stepped out upon the platform for the purpose of leaving the car when it approached his residence, and there was ample evidence tending to show that he was in the exercise of ordinary care. There was also ample evidence tending to prove that the accident was caused by the negligence of the railway company. The instruction to find the defendant not guilty was therefore properly refused, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*