## Illinois Iron & Metal Co. v. Willie Weber.

1. NEGLIGENCE—*What is Not Negligence per se.*—The fact that a boy twelve years of age was riding upon that part of a loaded brick-wagon which projected some fourteen inches beyond the tail-board, does not of itself establish such contributory negligence as bars a recovery for injuries received while in such position, from a wagon coming up in the rear.

2. SAME—*A Question of Fact.*—It is not for the court to direct the jury as to what facts do or do not constitute negligence but it is for the jury under all the evidence in the case to determine whether the conduct of a party was or was not negligent.

3. EXCESSIVE DAMAGES—*Where $1,475 is Not.*—A newsboy, twelve years of age, while riding upon the rear end of a loaded wagon was struck by the tongue of another wagon coming up from the rear. His leg was cut open and seventeen stitches were taken in sewing up the wound; he was upon crutches for six weeks after the injury and unable to work for more than three months. There was evidence from which the jury might have reasonably concluded that the injury was permanent and would occasion some degree of incapacity for labor after the boy reached the age of twenty-one, if he lived to that time. *It was held* that a recovery for $1,475 was not excessive.

**Action on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed June 14, 1900.

**Statement.**—This suit was brought by appellee to recover for personal injury sustained, as is alleged, through negligence of appellant.

Appellee was a newsboy, about twelve years of age at

the time of the injury. He was riding from his home toward the center of the city upon the rear end of a loaded brick-wagon. He stood upon the flooring of the wagon, which projected some fourteen inches beyond the tail-board, and was facing the tail-board and holding on to it, when injured. A team and wagon driven by an employe of appellant was following immediately behind the brick-wagon. Wagons preceded and followed them. When proceeding along Halsted street, and about 100 feet from a street crossing, the pole of appellant's wagon came into contact with the brick-wagon upon which appellee was riding, struck the leg of appellee, pinned it against the tail-board of the brick wagon, and caused the injury here complained of. The cut or laceration of the leg extended in to the bone, and was of such extent that it required some seventeen stitches to close the wound. The boy was confined to the county hospital from Friday until Wednesday; walked upon crutches for about six weeks; was lame for some weeks thereafter; was not able to resume his work for some three months; testified that he is still troubled with the leg; that if he walks far it "hurts much;" that it has been so ever since the injury; and that it does not seem to be getting better in that respect.

The theory of defense was that the brick-wagon upon which appellee was riding suddenly backed up, so as to bring the appellee's leg in contact with the pole of appellant's wagon, and without fault of appellant's driver.

The theory of appellee was that the brick-wagon was stopped and was standing still when the driver of appellant's wagon negligently proceeded until the pole of the wagon struck appellee.

There was a conflict in the evidence, a part of it supporting the theory of the appellant and part supporting the theory of appellee.

The jury returned a verdict for appellee, and assessed his damages at $1,475.

From judgment upon that verdict this appeal is prosecuted.

KERR & BARR, attorney for appellant.

JOHN F. WATERS, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that the fact that the boy was riding upon that part of the brick-wagon which projected some fourteen inches beyond the tail-board, of itself establishes such contributory negligence as bars a recovery. We are of opinion that this contention can not be sustained. Whatever the rule may be in other jurisdictions, we are of opinion that in Illinois such action by the boy can not be held to constitute *per se* negligence.

In N. C. St. R. R. Co. v. Baur, 79 Ill. App. 121, affirmed in 179 Ill. 126, it was held that when a passenger had left his seat within a street car and was riding upon the rear platform of the car when injured, such conduct did not *per se* constitute negligence upon his part. See, also, Kean v. W. C. St. R. R. Co., 75 Ill App. 38.

And in Gibbons v. Vanderhoogt, 75 Ill. App. 106, it was held that the fact that the plaintiff, a boy of fourteen years, had seated himself on the rear end of a wagon, directly in front of another wagon following it, and was so riding when injured, did not constitute negligence *per se.* We are of opinion that it was properly submitted to the jury as a question of fact as to whether, in view of all the evidence, the appellee was here guilty of any contributory negligence. The general verdict and the special finding that appellee was not guilty of such negligence are not unsupported by the evidence nor manifestly against the weight of the evidence. Nor can we say that a preponderance of the evidence is lacking to support the theory of recovery, viz., that the wagon of appellant was negligently moved against the brick-wagon. There was evidence presented by appellee to the effect that the injury was caused by the backing up of the brick-wagon, whereby it was brought in contact with the pole of appellant's wagon. After a careful consideration of all the evidence, we are of

opinion that the special findings of the jury are warranted. They are as follows:

"First. Was the plaintiff at the time of the injury in question in the exercise of ordinary care and caution? Yes.

Second. Was the driver of the defendant's wagon negligent in his management of his team and wagon? Yes.

Fourth. Could injury to the plaintiff have been avoided by exercise of ordinary care and prudence on the part of the driver of the defendant's wagon? Yes.

Fifth. Had the team which drew the defendant's wagon been brought to a stop before the collision which caused the injury to the plaintiff? No.

Sixth. Was the collision caused by the backing of the brick wagon moving toward the south? No."

These findings, so far as they relate to ultimate facts, are conclusive of a right of recovery.

We have, then, only to look to questions of procedure. The only complaints as to procedure relate to the instructions to the jury.

The first of the instructions tendered by appellant, refused by the court, after presenting a hypothesis as to the teams traveling in the car track, some in front of the brick wagon and others behind appellant's wagon, contains the following:

"Then the jury are instructed that the mere fact that the wagon of the defendant was proceeding at a distance of not more than five or six feet from the brick wagon, is not of itself evidence of negligence on the part of the defendant company."

This instruction was properly refused. It was not for the court to direct the jury as to what facts did or did not constitute negligence, nor to single out particular facts and instruct that they alone did not constitute negligence; but it was for the jury, under all the evidence in the case, including evidence that the driver of appellant's wagon was driving rapidly and whipping his horses, to determine whether the conduct of appellant's driver was negligent.

The only other instruction refused was sufficiently included, so far as it was correct and proper to be given, in the second of the instructions given at the request of appellant.

The following instruction was given at the request of appellee, and the giving of it is assigned as error by appellant:

"If you believe and find from the evidence that plaintiff was exercising ordinary care for a boy of his age and that the wagon of defendant which struck plaintiff could have been stopped by the driver of the defendant in charge of the wagon, by the exercise of ordinary care on his part, in time to prevent injuring the plaintiff after he (the driver) became aware, or might have become aware (by the exercise of ordinary care), of plaintiff's imminent danger of being struck by said wagon, then you should find the defendant guilty."

The only complaint made as to this instruction is, that it does not qualify the language, " a boy of his age," by adding the further words, " and capacity and experience." We think that the jury could scarcely have been misled by this instruction in the respect indicated, when it is considered in connection with the second instruction given at the request of appellant, which is as follows :

"If the jury believe from the evidence in this case that the plaintiff at the time of the injury complained of, had sufficient age and sufficient intelligence and experience to properly comprehend and understand the risks he took in jumping into the rear end of a passing wagon and thus remaining and riding, then you are instructed that the law charges him with the same responsibility for his conduct as if he were of full age, and that want of ordinary care on the part of the plaintiff, if shown by the evidence, would be a complete defense to his suit, the same as if he were of full age."

In the fourth instruction given at request of appellee, among elements of damage for which recovery might be had, there was included the following :

"Any loss of time and inability to work and earn a livelihood for himself after he attains the age of twenty-one years, if any, which the jury may believe from the evidence he will sustain on account of such injuries."

It is argued that there was no evidence in the case upon which the jury could reasonably base a belief that there would be any such loss of time or inability after the appellee attained his majority. It is true that no medical expert testified that the injury to appellee was a permanent injury, nor that it would be likely to continue to affect

appellee for any specified length of time. Nevertheless, the jury might, from the evidence in the case, have properly concluded that the injury was a permanent one, or that it would continue to cause loss of time and inability to work after appellee had attained his majority.

Appellee testified that the leg was cut open to the bone; that seventeen stitches were taken in sewing up the wound; that he was upon crutches for six weeks after the injury, and was not able to go to work for more than three months. He also testified that at the time of the trial the leg still troubled him when he walked " far; " that he then was obliged to sit down and rest, and that it did not seem to be getting better in that respect. Another witness testified that " the leg was split open about four or six inches, gashed to the bone," etc. The injured limb was exhibited to the jury.

We can not say that the jury might not from this evidence have reasonably concluded that the injury was permanent and would occasion some degree of incapacity for labor after appellee reached the age of twenty-one, if he lived to that time.

Upon like grounds we must decline to hold that the verdict is excessive in amount.

There was evidence presented by appellant upon the extent of the injury, but it was unworthy of credit, and was apparently rejected by the jury. Kyas, who testified in direct that the wound was about the size of a silver dollar, was obliged to admit upon cross-examination that the scar which it left was as large as five silver dollars.

A physician who had attended the boy at a drug store, immediately after the injury and before he was removed to the county hospital, testified that the injury was slight and would leave no scar, and when the scar was exhibited to him, declared that it was not the same injury which he had treated. Evidently the jury wholly discredited his knowledge of the matter.

We find nothing in the record which would warrant us in disturbing the judgment.

The judgment is affirmed.