## The Illinois Iron and Metal Company

*v.*

### Willie Weber.

196   526
104a  ²609

196   526
107a  ¹218
107a  ¹226
107a  ¹511

196   526
110a  ¹116

196   526
d213  ⁴173
e113a²106
e113a¹107
d113a²108
114a  ¹364

196   526
215   ¹368
f115a¹371
115a  ²476

*Opinion filed April 16, 1902—Rehearing denied June 4, 1902.*

1. Instructions—*instruction directing verdict under certain conditions must state the conditions correctly.* If the court gives an instruction directing a verdict if the jury should find certain facts to be true, the instruction must embrace all the facts and conditions essential to such verdict.

2. Infants—*age is not the only element involved in the exercise of due care.* In an action by a minor for injuries, an instruction authorizing a verdict for the plaintiff if the jury believe he was injured in consequence of defendant's negligence "while in the exercise of ordinary care for *a boy of his age,*" is erroneous, since his intelligence, experience and ability to care for himself are also elements to be considered upon the question of care.

3. Same—*newsboy riding on a wagon must use reasonable care for his safety.* While a newsboy has a right to ride on a wagon with the driver's consent, yet he must use reasonable care for his safety; and it is a question of fact whether he was guilty of negligence in riding on the tail-board of the wagon, where other teams followed, traveling on the car tracks, where it was difficult to turn out.

4. Damages—*when an instruction on subject of damages is erroneous.* An instruction which invites the jury to speculate upon the possibility of permanent disability, without any evidence whatever that such a result is probable, is erroneous.

Magruder, J., dissenting.

*Illinois Iron and Metal Co.* v. *Weber,* 89 Ill. App. 368, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Charles A. Bishop, Judge, presiding.

KERR & BARR, for appellant.

JOHN F. WATERS, and C. H. JOHNSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee recovered a judgment for $1475 in the circuit court of Cook county against appellant for a personal injury. The evidence at the trial was, in substance, as follows: Plaintiff was a newsboy, between eleven and twelve years old, and his stand was at Dearborn and Monroe streets, in the city of Chicago. He was going from his home, about four miles distant, to his place of business. At Twenty-second street and Blue Island avenue, by permission of the driver, he got on a wagon loaded with brick. He did not take a seat with the driver or upon the load, but stood up on the rear of the wagon behind the box and held on to the hind end-gate of the wagon. As the wagon went north on Halsted street it was one of a procession of loaded teams in a street car track. The next wagon behind was owned by the defendant and loaded with five tons of metal. The brick wagon stopped at a street crossing to allow a street car to pass, and the wagon of defendant was about ten feet behind. The testimony for plaintiff was that defendant's driver made no attempt to stop until close to the brick wagon, when he pulled his horses up. The evidence for defendant was that the brick wagon backed up. At any rate, defendant's team, in attempting to stop or in pulling back, raised the end of the pole above the platform where the boy stood. When moving along or standing still the pole hung low, but when the horses pulled back on the chains attached to the end it was raised, and the end of the pole struck the calf of plaintiff's leg, inflicting a flesh wound which required seventeen stitches. Plaintiff was taken to the county hospital and stayed there from Friday until the next Wednesday. He was confined to his bed at home for about six weeks

and walked on crutches about six weeks. It was more than three months after the accident before he could go to work. At the time of the trial he was accustomed to walk four miles every day from his home to his place of business down town. He had been in the paper business since he was nine years old, and had been in the habit of riding down town on wagons.

Plaintiff requested the court to give to the jury, and the court gave, the following instructions, purporting to present the law applicable to his case:

"If the jury believe and find, from the evidence, that plaintiff, while in the exercise of ordinary care for a boy of his age, was injured by and in consequence of the negligence of the defendant, as charged in the declaration, then you should find the defendant guilty.

"If you believe and find, from the evidence, that plaintiff was exercising ordinary care for a boy of his age, and that the wagon of defendant which struck plaintiff could have been stopped by the driver of the defendant in charge of the wagon, by the exercise of ordinary care on his part, in time to prevent injuring the plaintiff after he (the driver) became aware or might have become aware (by the exercise of ordinary care) of plaintiff's imminent danger of being struck by said wagon, then you should find the defendant guilty.

"The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of his damages.

"In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances as proven by the evidence before them; the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence; his suffering in body and in mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe, from the evi-

dence before them in this case, he has sustained or will sustain by reason of such injuries; any loss of time and inability to work and earn a livelihood for himself after he attains the age of twenty-one (21) years, if any, which the jury may believe, from the evidence, he will sustain on account of such injuries, and may find for him such sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages and injuries, if any, are claimed and alleged in the declaration."

These were all the instructions given at the request of the plaintiff or assuming to state the grounds upon which a recovery could be had. The first two instructions each directed the jury to find the defendant guilty, provided they should believe, from the evidence, the existence of certain facts. One of the essential facts which the law required to be found was that the plaintiff was in the exercise of ordinary care for his own safety, and each of those instructions informed the jury that the fact was proved if he was in the exercise of ordinary care for a boy of his age. They directed the jury to return a verdict for the plaintiff if they found he was in the exercise of ordinary care for a boy of his age and the defendant was negligent and the injury resulted. That was not a correct rule of law, since the question of care was not to be determined alone by the plaintiff's age, but also from his intelligence, experience and ability to understand and comprehend dangers and care for himself. The case was one in which the defendant was entitled to correct instructions upon that question. It was a question whether plaintiff was not guilty of negligence in riding where he did, in a procession of teams, outside of the box, behind the end-gate of the wagon. The position was a dangerous one, not provided or used for passengers or intended for such use. Plaintiff had a right to ride on the wagon with the driver's consent, but it

was his duty to use reasonable care for his own safety. There was a string of heavily loaded teams in the car tracks, where it was difficult, if not impossible, to turn out, and the difficulty and danger in stopping when one of a procession stops is matter of common knowledge. Cases cited as to the liability of common carriers of passengers where a car is full and a passenger rides upon the platform have no bearing on this question. Passengers are accustomed to be upon platforms and are sometimes compelled to ride there, and different rules are applied to a common carrier from those governing parties not in that relation. There was no necessity whatever for the plaintiff assuming the position that he did. These facts were not controverted or in dispute, but are gathered from his own testimony. If the damage to the plaintiff was caused by his own negligence in assuming such a position he could not recover. In determining that question his age was to be taken into account, but it could not be said, as a matter of law, that he was too young to exercise any care for his personal safety or that he was incapable of negligence. Unquestionably, he was capable of exercising some degree of judgment and discretion and some degree of care for his own safety. He had lived in the city and been engaged in business and was accustomed to ride on wagons. Judge Thompson, in his Commentaries on Law of Negligence, (vol. 1, sec. 309,) says: "Two lads of equal age and natural capacity, one of them raised in the country and the other in the city, might approach a given danger, and the one would be perfectly competent to care for himself while the other would be helpless in the face of it. Therefore the capacity, the intelligence, the knowledge, the experience and the discretion of the child are always evidentiary circumstances—circumstances with reference to which each party has the right to introduce evidence, which evidence is to be considered by the jury." The rule established by our own decisions is, that age is not

the only element to be considered, but that intelligence, capacity and experience are also to be taken into account. (*Weick* v. *Lander*, 75 Ill. 93; *City of Chicago* v. *Keefe*, 114 id. 222; *Illinois Central Railroad Co.* v. *Slater*, 129 id. 91.) The error was not cured by any instruction in the case, and could not be. It has always been held that where the court directs a particular verdict if the jury should find certain facts, the instruction must embrace all the facts and conditions essential to such a verdict. It is not required that one instruction shall state all the law, and instructions may supplement each other and supply defects, but where an instruction directs a verdict upon certain conditions it must state the conditions correctly. Even where instructions may supplement each other, each one must state the law correctly as far as it goes, and they should be in harmony, so that the jury may not be misled. They are not able to select from contradictory instructions one which correctly states the law. It is obvious that where the jury were told to find the defendant guilty if they found that plaintiff was in the exercise of ordinary care for a boy of his age, even if some other rule was given in another instruction, it would be impossible for the jury to decide which one to follow and impossible for us to determine which one they did follow. The jury were told to find defendant guilty if they found certain facts, and the defective instructions were not cured by others. *Quinn* v. *Donovan*, 85 Ill. 194; *Illinois Linen Co.* v. *Hough*, 91 id. 63; *Wabash, St. Louis and Pacific Railway Co.* v. *Rector*, 104 id. 296; *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet*, 105 id. 364; *Hoge* v. *People*, 117 id. 35; *Gorrell* v. *Payson*, 170 id. 213.

The last of the above instructions was the only one given on the question of damages, and it directed the jury, in determining the amount of plaintiff's damages, to take into consideration any loss of time and inability to work and earn a livelihood for himself after he attains the age of twenty-one years, if any, which the jury may

believe, from the evidence, he will sustain on account of such injuries.    There was no evidence on which to base that part of the instruction.    The plaintiff was between eleven and twelve years old when he was hurt, and it would be between nine and ten years before he would reach the age of twenty-one.    The wound was quite extensive, but his stocking was not broken or torn.    The wound had healed, leaving a considerable scar, and the plaintiff was in the habit of walking down town four miles every day.    He was then fifteen years old and said that the leg still hurt him if he walked far.    No one testified as to probabilities for the future, and there was nothing which would justify a conclusion that plaintiff would be unable to work and earn a livelihood six years later.    To invite the jury, by an instruction, to speculate on the bare possibility of permanent disability, without any evidence whatever that such a result was probable, was wrong.    The instructions given at the request of the plaintiff were all erroneous.

The judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court.    *Reversed and remanded.*

Mr. JUSTICE MAGRUDER delivered the following dissenting opinion:

As the Appellate Court says in its opinion: "The theory of defense was that the brick wagon, upon which appellee was riding, suddenly backed up so as to bring the appellee's leg in contact with the pole of appellant's wagon, and without fault of appellant's driver.    The theory of appellee was that the brick wagon was stopped and was standing still, when the driver of appellant's wagon negligently proceeded until the pole of the wagon struck appellee."    The evidence was conflicting.    A part of the testimony sustained the theory of the appellant, and a part of it sustained the theory of the appellee.    It was a question of fact, and as there is evidence tending

to support the cause of action, such question of fact is settled by the judgments of the courts below.

*First*—At the conclusion of the appellee's case, and again at the conclusion of all the testimony, counsel for appellant, upon the trial below, asked the court to give to the jury a peremptory instruction to find the appellant not guilty. This instruction was refused, and its refusal is assigned as error. The refusal of the peremptory instruction is claimed to have been error upon the alleged ground that the fact, that the boy was riding upon that part of the brick wagon which projected some fourteen inches beyond the tail-board, constituted negligence *per se.* The question, whether the boy was in the exercise of ordinary care for his own safety when he was injured, was a question of fact to be determined by the jury. The fact, that he was riding upon the tail-board of the wagon, instead of sitting upon the brick with which the wagon was loaded, or upon the front seat with the driver, was a circumstance, which the jury had a right to take into consideration in determining whether or not appellee was in the exercise of ordinary care for his own safety, but, under the decisions of this court, that circumstance did not conclusively establish negligence on appellee's part, as matter of law. In *North Chicago Street Railroad Co.* v. *Baur*, 179 Ill. 126, it appeared that a passenger on a street car left his seat, and went upon the platform of the car, from which he was thrown by the sudden starting of the car, and the question was raised whether or not he was guilty of negligence in so leaving his seat and going upon the platform, but that was held to be a question of fact for the jury under all the facts and circumstances.

In *Gibbons* v. *Vanderhoogt*, 75 Ill. App. 106, it was held that it was a question for the jury to determine what care should be exercised by a boy fourteen years of age, who was injured while sitting on the rear end of a wagon and directly in front of another wagon, and that the fact

of his sitting in the place named could not be held to constitute negligence *per se.* In answer to a special interrogatory submitted to the jury by appellant upon the trial below, the jury made a special finding to the effect that the plaintiff was at the time of the injury in question in the exercise of ordinary care and caution.

*Second*—It is assigned as error that the court refused to give the first of the instructions tendered by the appellant. This instruction contained the following words: "The jury are instructed that the mere fact, that the wagon of the defendant was proceeding at a distance of not more than five or six feet from the brick wagon, is not of itself evidence of negligence on the part of the defendant company." The refusal of this instruction was not error, because it was a question of fact for the jury whether or not the defendant below was guilty of negligence, and it was improper to single out any particular circumstance, and call such circumstance to the attention of the jury, as establishing negligence or as failing to establish negligence. It was for the jury to determine under all the circumstances, whether the conduct of appellant's driver was negligent or not.

In answer to special interrogatories, submitted to the jury by the appellant, the jury specially found that the driver of appellant's wagon was negligent in the management of its team and wagon; that the injury to appellee could have been avoided by the exercise of ordinary care and prudence on the part of the driver of appellant's wagon; that the team, which drew appellant's wagon, had not been brought to a stop before the collision which caused the injury to appellee; and that the collision was not caused by the backing of the brick wagon moving toward the south.

*Third*—It is further assigned as error, that the court refused to give an instruction, asked by the appellant, which conditioned the right of the plaintiff to recover upon the belief by the jury from the evidence that the

appellee, plaintiff below, had sufficient age and sufficient intelligence and experience to properly understand and comprehend the risk he took in occupying the seat, which he did occupy upon the rear end of the wagon. There was no error in refusing this instruction, for the reason that the principle, embodied in it as above stated, was sufficiently set forth in the second instruction, which was given for the appellant at its request.

*Fourth*—It is assigned as error that the court gave an instruction for the plaintiff below, which conditioned the right of the plaintiff to recover upon the belief and finding of the jury from the evidence, "that plaintiff was exercising ordinary care for a boy of his age," etc. The objection to this instruction is, that it should have conditioned the right of recovery upon the belief and finding of the jury from the evidence that plaintiff was exercising ordinary care for a boy, not merely of his age, but also of sufficient capacity and experience to comprehend the risk, which he ran in riding upon the tail-board of the wagon. The claimed defect in the instruction was obviated and remedied by the second instruction above referred to, which was given for the appellant at its request. The second instruction so given is as follows:

"If the jury believe from the evidence in this case that the plaintiff, at the time of the injury complained of, had sufficient age and sufficient intelligence and experience to properly comprehend and understand the risks he took in jumping on to the rear end of a passing wagon and thus remaining and riding, then you are instructed that the law charges him with the same responsibility for his conduct as if he were of full age, and that want of ordinary care on the part of the plaintiff, if shown by the evidence, would be a complete defense to his suit, the same as if he were of full age."

*Fifth*—It is further assigned as error that the court below gave an instruction, at the request of appellee, which mentioned, among the elements of damage for which re-

covery might be had, "any loss of time and inability to work and earn a livelihood for himself, after he attains the age of twenty-one (21) years, if any, which the jury may believe from the evidence he will sustain on account of such injuries."

A correct disposition is made of this assignment of error by the Appellate Court in their opinion where they say (89 Ill. App. 368):

"It is argued that there was no evidence in the case, upon which the jury could reasonably base a belief that there would be any such loss of time or inability after the appellee attained his majority. It is true that no medical expert testified that the injury to appellee was a permanent injury, nor that it would be likely to continue to affect appellee for any specified length of time. Nevertheless, the jury might, from the evidence in the case, have properly concluded that the injury was a permanent one, or that it would continue to cause loss of time and inability to work after appellee had attained his majority. Appellee testified that the leg was cut open to the bone; that seventeen stitches were taken in sewing up the wound; that he was upon crutches for six weeks after the injury, and was not able to go to work for more than three months. He also testified that, at the time of the trial, the leg still troubled him when he walked 'far;' that he then was obliged to sit down and rest; and that it did not seem to be getting better in that respect. Another witness testified that 'the leg was split open about four or six inches, gashed to the bone,' etc. The injured limb was exhibited to the jury. We cannot say that the jury might not, from this evidence, have reasonably concluded that the injury was permanent, and would occasion some degree of incapacity for labor after appellee reached the age of twenty-one, if he lived to that time."

I do not think that there is any error in this record which would justify me in voting to reverse the judgment of the Appellate Court.