## Dauchy Iron Works v. Wilford C. Toles.

1. INSTRUCTIONS—*Directing Verdict, Must Contain All Facts Which Authorize the Verdict Directed.*—Where an instruction directs a verdict, or amounts to such a direction in case the jury shall find certain facts, it must contain all the facts which will authorize the verdict directed.

2. SAME—*Where They Supplement Each Other, Each One Must State the Law Correctly.*—Where instructions supplement each other each one must state the law correctly as far as it goes. and they should be in harmony, so that the jury may not be misled. It can not be assumed that the jury are able to select from contradictory instructions the one which correctly states the law.

Action for Rent.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed March 17, 1903. Rehearing denied March 27, 1903.

Statement.—Appellant and appellee entered into a written lease, by the terms of which appellant demised certain room in a building for one year from May 1, 1896, at a rental of $30 per month. The lease provided that appellant should furnish steam-power not to exceed three-horse power, and in the event of failure to furnish steam-power, through accident or otherwise, the liability of appellant was therein limited to $6 per month liquidated damage for each horse-power.

This cause has been tried twice in the Circuit Court, and is now in this court for the second time.

It was undisputed that the rent reserved for certain months was unpaid. It was also undisputed that during a number of months no steam-power was furnished to appellee. Appellee sought to set off against the rent due, a claim for damages for failure to furnish power.

LOUIS M. GREELEY, attorney for appellant.

JAMES A. PETERSON, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court. This action was brought by appellant to recover for rent,

but under a claim of set-off against the rent admitted to be due, appellee filed a claim of damages for failure to furnish steam-power, as provided in the lease, and obtained a judgment therefor.

The real contention upon the trial related to the question as to whether appellee waived his claim for steam-power during a portion of the time for which rent was claimed. Though the lease was under seal, it had previously been decided by this court that the evidence was competent which tended to show a waiver of the necessity of furnishing steam-power until appellee should call for the same. It is claimed on behalf of appellant, that it held itself in readiness, at its own expense, to furnish steam-power under the terms of the lease, and that appellee stated that he would notify appellant whenever he needed the power. It is therefore insisted that the maximum liability, to wit, $6 for each and every month for each horse-power, during which the power was not furnished, should not be deducted from the rent stipulated in the lease. To allow the introduction of this claim, judgment, when the case was here before, was reversed. While the error in ruling upon the admission of evidence was corrected, yet, in substance, it was continued upon the last trial by giving an instruction, a part of which is as follows :

" And if the jury further finds from the evidence that said plaintiff did fail to furnish said steam-power as aforesaid, then the jury are instructed to deduct the amount due defendant from plaintiff on account of plaintiff's failure to furnish steam-power as aforesaid found from the evidence, from whatever amounts, if any, the jury may find to be due the plaintiff from defendant on account of the rent, as aforesaid, and credit the same to the defendant, and that if such deductions made by the jury, as they may find from the evidence, amount to more than the amount of the rent found from the evidence by the jury to be due plaintiff from the defendant, then the jury are instructed to find the issues for the defendant and assess his damages at such sum as the balance may be after deducting said rents, as aforesaid, from the damages sustained, as aforesaid, found from the evidence."

This instruction absolutely ignored the main question in this tedious and prolonged controversy as to the waiver of furnishing steam-power. The instruction is absolute, and substantially directs the verdict. It is claimed that the error of this instruction is corrected by another instruction given in the series; but the jury were told in the first instruction that if plaintiff failed to furnish steam-power, then they were to find the issues for the defendant and assess his damages. If the jury regarded this instruction, their verdict was thereby reached, and they had no occasion to read or study other instructions. If an instruction directs a verdict, or amounts to such a direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed. Pardridge v. Cutler, 168 Ill. 504.

In the case at bar there was evidence tending to establish a defense to the claim of set-off, but the foregoing instruction ignored it. The error in such an instruction is not obviated by giving conflicting instructions.

Notwithstanding our great regret, we can not avoid reversing this judgment. An instruction of law which directs a verdict upon certain conditions, must state the conditions correctly. Where instructions supplement each other, each one must state the law correctly as far as it goes, and they should be in harmony, so that the jury may not be misled. It can not be assumed that the jury are able to select from contradictory instructions the one which correctly states the law. Illinois Iron & Metal Co. v. Weber, 196 Ill. 526.

From the record we are not able to say that the amount of liability for failure to furnish steam-power was unreasonable, and not stipulated damages.

Counsel suggest—but owing to the state of the record we shall not discuss the point—that the rentals for certain months were paid in full and without protest, and therefore, that under the evidence no part thereof can be recovered.

The judgment of the Circuit Court must be reversed and the cause remanded.