## The Wabash Railroad Company v. Charles Jones.

1. CONTRIBUTORY NEGLIGENCE—*when question as to whether minor guilty of, for jury.* Where a minor is above the age of seven years, no presumption prevails in favor of the exercise of ordinary care, and it is for the jury to determine, not from the minor's age alone but also from his intelligence, experience and ability to understand and comprehend danger and to take care of himself, whether he was guilty of contributory negligence.

2. ORDINARY CARE—*when instruction as to, with respect to minor, erroneous.* An instruction as follows: "The court instructs the jury that a child is not required by law to exercise the same degree of care and caution to avoid injury as is a person of mature years, and that a child is only held to the exercise of such degree of care and caution as children of his age, capacity and intelligence are capable of exercising,"—*held,* erroneous.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed June 7, 1905.

C. N. TRAVOUS, for appellant.

STEVENS & STEVENS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case. The plaintiff recovered a judgment for $5,000, to reverse which the defendant appeals. The original declaration was filed August 25, 1892, and contained three counts, each alleging that plaintiff, an

infant under nine years of age, and, therefore, incapable of using due care and diligence for his own safety, was run over by one of defendant's trains at Riverton, Illinois, on December 31, 1891, while walking upon and along defendant's railroad track. The first count charges that plaintiff was upon the track with defendant's permission, and in plain view of the engineer, who carelessly ran over him; the second count charged that he was in plain view of the engineer and fireman, who recklessly and wantonly ran over him, without giving any notice, and the third count charged that he was in plain view of the engineer within the village limits, and the train was suddenly started, without notice, and recklessly and wantonly driven over him. A trial of the case in the year 1893 resulted in a judgment for the plaintiff, which was affirmed in the Appellate Court (53 App., 125), but on further appeal to the Supreme Court was reversed and the cause remanded (163 Ill., 167). On December 12, 1903, an amended declaration was filed, which charged, in substance, that defendant's servants stopped the train at its station in Riverton, and it thereupon became its duty not to start the train without ringing a bell or sounding a whistle a reasonable time before doing so; that not regarding this duty, and while plaintiff, who was "then and there an infant under nine years of age, and incapable, from his tender years, of using due care and caution for his own safety, was then and there walking along and upon the crossing at said intersection of the railroad with said public highway known as "Fifth Street," defendant's servants negligently started the train at the station without ringing a bell or sounding a whistle, contrary to the statute, by means whereof the train ran over plaintiff "then and there on said crossing as aforesaid," thereby inflicting the injuries complained of. Upon the case being called for trial plaintiff, who was then an adult, made the necessary amendment to his declaration and thereafter prosecuted the suit in his own name.

The original declaration averred and the evidence adduced by appellee on the former trial tended to show, that

he was injured while upon the track or right of way of appellant, and not at the intersection of a street crossing therewith. He was therefore held by the Supreme Court, upon the former appeal, to have been a trespasser. The amended declaration avers that the injury occurred at the intersection of the railroad track with a public highway. Upon the second trial appellee testified to that effect, and was corroborated by several witnesses who were not called upon the former trial.

As the judgment must be reversed for the reason hereafter stated, it will be unnecessary for us to detail the general facts appearing in evidence, the principal of which are recited in the former opinion of this court; nor shall we discuss or weigh the evidence generally, further than to say that the abandonment by appellee of the theory upon which his right of recovery was originally predicated, and the adoption of one radically different, together with the attempt to establish in support thereof facts inconsistent with those averred in the original declaration—and this after the lapse of a decade, during which the recollection of witnesses necessarily has become less vivid, and imperfect—tends to cast a doubt upon the righteousness or propriety of the verdict.

The question as to whether or not appellee was, at the time he was injured, in the exercise of due care, was upon both trials earnestly contested. Appellee states upon his cross-examination, that at the time he was injured, he was familiar with appellant's tracks and grounds and the operation of its trains; that he was in the habit of riding upon trains and had frequently alighted at the Riverton depot from the same train that injured him; that he had often taken the route being pursued by him when injured, in going to and from his home; that he knew that the engine was taking coal, which would require but a short time, and that it would then immediately follow him; that he further knew that it was dangerous to walk upon the track in question in front of the train, as it was likely to start any moment. He further states that immediately prior to the time

of the accident he "was thinking that if the train came along and hit him it would hurt him."

It is apparent, in view of his admissions above detailed, that whether appellee, when injured, was exercising that degree of care for his own safety imposed upon him by law, is a matter of grave doubt. The question was vital and possibly controlling, and under the circumstances primarily one for the determination of the jury. That they should have been accurately and perspicuously instructed by the court as to what constituted due care on the part of appellee was therefore unusually essential and important.

It has been definitely settled in this state that a child under the age of seven years, is presumed, as a matter of law, to be incapable of exercising ordinary care, and therefore not to be chargeable with contributory negligence; but beyond that age no such presumption prevails. Metal Co. v. Weber, 196 Ill., 526; R. Co. v. Tuohy, 196 Ill., 410; R. Co. v. Jernigan, 198 Ill., 297.

Inasmuch as appellee was above the age of seven years, the question as to whether he was guilty of contributory negligence was to be determined by the jury, not from his age alone, but also from his intelligence, experience, and ability to understand and comprehend danger, and to care for himself. Metal Co. v. Weber; R. Co. v. Tuohy; R. Co. v. Jernigan, *supra.*

In determining the question it was the duty of the jury to take into consideration the age, capacity and experience of appellee, together with the circumstances surrounding him at and just prior to the accident, as shown by the proof, and from these facts determine whether he acted with the care and caution for his own safety that one of his age, capacity and experience ordinarily would have exercised under similar circumstances.

The second instruction read to the jury at the request of appellee, was as follows:

"The court instructs the jury that a child is not required by law to exercise the same degree of care and caution to

avoid injury as is a person of mature years, and that a child is only held to the exercise of such degree of care and caution as children of his age, capacity and intelligence are capable of exercising."

The instruction was inaccurate and, under the facts in this case, seriously misleading. While it cannot be said as a general rule that all infants above the age of seven years are required to exercise the same degree of care as an adult, such an one is, as we have said, required to exercise such degree of care as a person of like age, intelligence, experience and capacity for understanding and avoiding the danger might reasonably be expected to exercise under similar circumstances and surroundings, and if he possesses the capacity of an adult the law requires him to exercise the same degree of care and prudence as though he were an adult. The jury may reasonably have inferred from the instruction that a child is *never* required to exercise the same degree of care as an adult. Appellee, as the evidence tends to show, was born and reared adjoining a railroad station and in the habit of riding upon railroad trains and familiar with the operation and usual movements of the train which injured him, and may, therefore, have appreciated the danger of remaining on the track, as fully as a mature person of less actual knowledge and experience. The instruction was especially misleading in view of the averment of the declaration that plaintiff was incapable of exercising care because of his "tender years." If the law required of appellee the use of less care than a grown person, solely for the reason he was but nine years old, then such averment was established by mere proof of his age and could not be overcome. In the abstract form in which it was given the instruction may well have been taken by the jury as directory rather than advisory, and we are not satisfied that the error was cured by the instruction upon the subject at the request of appellant. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*