## Adelbert Sebastian, Appellee, v. Chicago Coated Board Company, Appellant.

### Gen. No. 14,154.

1. MEASURE OF DAMAGES—*approved form in action for personal injuries.* An instruction upon this subject, as follows, approved:

"The court instructs the jury that if you find for the plaintiff, you will be required to determine the amount of his damages; in determining the amount of damage the plaintiff is entitled to recover in this case, if any, the jury have a right and they should take into consideration all the evidence pertaining to plaintiff's physical injuries, if any, so far as the same are shown by the evidence; his suffering in body and mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before them in this case he has sustained or will sustain by reason of such injuries; his loss of time and inability to work and transact business, if any, on account of said injuries, after he has attained the age of 21 years, and such future loss of time and inability to work, if any, which the jury may believe from the evidence he will sustain on account of such injuries (all moneys necessarily expended or become liable for, for doctor's bills, if any, while being treated for such injuries), and may find for him such sum as in the judgment of the jury will be a fair compensation for the injuries he has sus-

tained or will sustain, if any, so far as such damages are claimed and alleged in the declaration."

2. MEASURE OF DAMAGES—*approved form in action for personal injuries.* An instruction upon this subject, as follows, approved: "The court instructs the jury that if you find for the plaintiff, you will be required to determine the amount of his damage; in determining the amount of damage the plaintiff is entitled to recover in this case, if any, the jury have a right and they should take into consideration all the evidence pertaining to plaintiff's physical injuries, if any, so far as the same are shown by the evidence; his suffering in body and mind, if any, resulting from such physical injuries and such future sufferings and loss of health, if any, as the jury may believe from the evidence before them in this case he has sustained or will sustain by reason of such injuries; his loss of time and inability to work and transact business, if any, on account of said injuries, after he has attained the age of twenty-one years, and such future loss of time and ability to work, if any, which the jury may believe from the evidence he will sustain on account of such injuries, and may find for him such sum as in the judgment of the jury will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages are claimed and alleged in the declaration."

3. INSTRUCTIONS—*when appropriate to authorize recovery for future pain, etc.* An instruction authorizing the allowance to the plaintiff in an action for personal injuries for future pain and suffering is proper where there is evidence tending to show that such plaintiff has not fully recovered from his injuries.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907, Affirmed. Opinion filed November 6, 1908.

HORTON, BROWN & MILLER, for appellant.

ALBERT W. MAY and JOHNSON, BELASCO & MCCABE, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries, alleged to have been sustained by the plaintiff through the negligence of the defendant, plaintiff had judgment and the defendant appealed. The injuries were such as made it necessary to amputate the fingers and thumb of plaintiff's right hand between the first and second joints. As a result of the amputation there are neuromas, nerve tumors, at the points of amputa-

tion which, up to the time of the trial, were tender and painful.

The only ground for reversal stated in appellant's brief is that: "The appellee's third and eighth instructions were each of them erroneous and did not correctly present the law to the jury". Said instructions are as follows:

"3. The court instructs the jury that if you find for the plaintiff, you will be required to determine the amount of his damages; in determining the amount of damage the plaintiff is entitled to recover in this case, if any, the jury have a right and they should take into consideration all the evidence pertaining to plaintiff's physical injuries, if any, so far as the same are shown by the evidence; his suffering in body and mind, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before them in this case he has sustained or will sustain by reason of such injuries; his loss of time and inability to work and transact business, if any, on account of said injuries, after he has attained the age of twenty-one years, and such future loss of time and inability to work, if any, which the jury may believe from the evidence he will sustain on account of such injuries (all moneys necessarily expended or become liable for, for doctor's bills, if any, while being treated for such injuries), and may find for him such sum as in the judgment of the jury will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages are claimed and alleged in the declaration."

"8. The court instructs the jury that if you find for the plaintiff, you will be required to determine the amount of his damage; in determining the amount of damage the plaintiff is entitled to recover in this case, if any, the jury have a right and they should take into consideration all the evidence pertaining to plaintiff's physical injuries, if any, so far as the same are shown by the evidence; his suffering in body and mind, if any, resulting from such physical injuries and such future sufferings and loss of health, if any, as the

jury may believe from the evidence before them in this case he has sustained or will sustain by reason of such injuries; his loss of time and inability to work and transact business, if any, on account of said injuries, after he has attained the age of twenty-one years, and such future loss of time and ability to work, if any, which the jury may believe from the evidence he will sustain on account of such injuries, and may find for him such sum as in the judgment of the jury will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages are claimed and alleged in the declaration.''

The objections urged to these instructions are that they do not require that the assessment of damages be based on the evidence, and that they permit the jury, in assessing plaintiff's damages, to take into consideration future suffering, loss of health and ability to work.

In support of the first objection, counsel cite Muren Coal and Ice Co. v. Howell, 204 Ill. 515. The action in that case was by an administrator for wrongfully causing the death of his intestate. The conclusion of the instruction which was held erroneous was as follows:

''And if you believe and from the evidence find the defendant guilty, then it will be the duty of the jury to assess the plaintiff's damages and in doing so you may take into consideration the pecuniary injuries resulting to the widow and next of kin, if from the evidence you believe there is a widow and next of kin, and that they have suffered pecuniary injury or loss on account of the death of said August Schmidt, and give to the plaintiff such a sum as in your judgment will fairly compensate the widow and next of kin for such pecuniary injury or loss, not to exceed, however, the amount sued for in this case.''

In so much of said instruction as related to the assessment of damages there was no reference to the evidence; the jury were told that they might give the plaintiff such sum as in their ''judgment will fairly

compensate the widow and next of kin for such pecuniary injury or loss, not to exceed, however, the amount sued for in this case." The instructions in question relate only to the assessment of damages; each contains references to the evidence; and there is in neither any reference to the amount sued for.

In the sixth instruction given for the plaintiff the jury were "instructed that the amount of damages, if any, is a fact you are to determine from the evidence in this case and under the instructions of the court." We think that, taking the instructions relating to the assessment of damages together, the objection that they do not require that the assessment of damages be based on the evidence cannot be sustained.

We think that so much of said instructions as authorized the jury to take into consideration in assessing plaintiff's damages, his future sufferings from his injury and his future inability to labor as a result thereof, was proper under the evidence in the case. Such an instruction is not proper where the plaintiff has fully recovered from his injury and no permanent disability has resulted therefrom (Ill. Iron & Met. Co. v. Weber, 196 Ill. 526); but is proper where there is a permanent impairment of plaintiff's ability to labor, and where the evidence tends to show that he had not recovered from his injuries but was suffering pain by reason thereof at the time of the trial. Chicago & Mil. Elec. Ry. Co. v. Ullrich, 213 Ill. 170.

In this case there was a permanent impairment of plaintiff's ability to labor, and evidence that the stub ends of his thumb and fingers were at the time of the trial tender and painful, and we think there was evidence on which to base the instructions.

In our opinion the instructions complained of are free from reversible error, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*