CHICAGO—FIRST DISTRICT—JUNE, 1912.     347

Fischer v. Chicago & Western Indiana R. Co., 171 Ill. App. 347.

## Edward Fischer, Administrator, Appellee, v. Chicago & Western Indiana Railroad Company et al., Appellants.

### Gen. No. 16,972.

1. INSTRUCTIONS—*elements necessary when verdict is directed.* An instruction which directs a verdict for the plaintiff if certain facts are found should include all the elements necessary to sustain the cause of action.

2. DEATH—*when presumed that widow suffered pecuniary loss.* Pecuniary loss to the widow of a teamster killed in a railroad accident, though not shown by the record, will be presumed.

3. INSTRUCTIONS—*when reversible error.* In an action for wrongful death, an instruction directing a verdict is reversible error, where it does not require a finding that the deceased was in the exercise of due care at the time of the accident and states that damages may be awarded for pecuniary loss to the next of kin, when one of the chief elements of the case was proof of want of contributory negligence and when there is nothing in the record to show that the next of kin suffered damages.

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed June 4, 1912.

W. O. JOHNSON and BULL & JOHNSON, for appellants.

EDWARD R. LITZINGER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This is an appeal from a judgment entered in the Superior Court in favor of the appellee and against the appellants, in a suit brought to recover damages for the death of Hans Christian Simonsen, the death being alleged to have been caused by the wrongful act of appellants.

The decedent was the driver of a brewery wagon, and on the 6th day of November, 1907, was driving in

a northerly direction on Torrence avenue, in the city of Chicago, and while attempting to cross the tracks of the Chicago & Western Indiana Railroad Company was struck by a train belonging to the Chicago & Erie Railroad Company.

The negligence charged was the high rate of speed of the train, failure to maintain a headlight, and the failure to ring a bell, as required by the ordinances of the city; also the failure to blow a whistle or ring a bell, as required by the laws of the state.

There was a verdict against both defendants and a judgment thereon. A reversal is sought because of alleged errors in an instruction, and because the accident was due, it is alleged, to the contributory negligence of the decedent. The instruction complained of is as follows:

"The court further instructs the jury, that if they should find, from the evidence in the case and under the instructions of the court, that the defendant is guilty of the wrongful act, neglect or default, as charged in the plaintiff's declaration, and that the same resulted in the death of Hans Christian Simonsen, then the plaintiff is entitled to recover in this action, for the benefit of the widow and next of kin of such deceased, such damages as the jury may deem, from the evidence and proofs, a fair and just compensation thereof, having reference only to the pecuniary injuries resulting from such death to such widow and next of kin, not exceeding ten thousand dollars, the amount claimed in the declaration."

The instruction directed a verdict and should have included all the elements necessary to sustain the plaintiff's cause of action. (Pardridge v. Cutler, 168 Ill. 504; I. C. R. R. Co. v. Smith, 208 Ill. 608; I. I. & M. Co. v. Weber, 196 Ill. 526.) One of the chief elements was proof of the want of contributory negligence on the part of the plaintiff's intestate. The instruction did not require that the jury should find that at the time of the accident the deceased was in the ex-

ercise of ordinary care for his own protection. There was no proof that the next of kin of the intestate suffered any damage. He was shown to have had eight brothers and sisters, but there is nothing in the record to show that he at any time contributed anything to their support. It is true that in so far as his widow is concerned, pecuniary loss to her would be presumed. It was shown that his income was from $35 to $40 per week, but aside from that fact the record affords no basis for the measurement of damages due to his death. The age of the decedent is not given, so that no amount calculated upon the basis of his expectation of life could be arrived at. Under the evidence we think the jury should not have been informed that their verdict might include damages for pecuniary injuries to the next of kin.

The principal objection to the instruction, however, is the one first mentioned, namely, that the jury were not required to find from the evidence that the deceased was at the time of the accident in the exercise of ordinary care for his own safety.

The judgment must be reversed. As there may be a retrial of the case we refrain from discussing the evidence, and express no opinion in regard thereto.

*Reversed and remanded.*