ARTHUR PETERSON, Appellee, *vs.* THE CHICAGO CONSOLIDATED TRACTION COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. TRIAL—*question as to what made street car run unevenly is for the jury.* Whether the swaying, jolting and uneven motion of a street car was due to the rapid movement of the car over a smooth track or to the rough and defective condition of the track is a question for the jury, where there is evidence that the pavement was being repaired at the place where the plaintiff, as he testified, was thrown from the run-board by a quick jerk of the car.

2. NEGLIGENCE—*what is not negligence per se on the part of a passenger.* For a passenger to leave his seat and step to the run-board of a street car several hundred feet from the street where he intends to alight is not, as a matter of law, negligence *per se,* particularly where the conductor, who saw the action, did not give any warning of danger, although the passenger was not an adult.

3. INSTRUCTIONS—*what does not tend to belittle the degree of care required of the plaintiff.* An instruction stating that "a boy of fourteen years of age is only required to exercise that degree of care and caution which boys of his age, capacity, intelligence and experience may reasonably be expected to use under like circumstances," does not, by the use of the word "only," tend to belittle the degree of care required.

4. SAME—*when instruction does not limit too closely the time within which plaintiff was required to use due care.* Where the whole transaction resulting in an injury to a passenger by being thrown from a car as he stepped to the run-board preparatory to alighting occupied but a few seconds of time, an instruction requiring the plaintiff to have exercised ordinary care "just before and at the time" of the injury is broad enough to cover the time consumed by the whole transaction.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

JOHN A. ROSE, ALBERT M. CROSS, and FRANK L. KRIETE, (W. W. GURLEY, of counsel,) for appellant.

ADLER & LEDERER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee recovered a judgment for $10,000 in the superior court of Cook county for injuries alleged to have been caused by the appellant. The Appellate Court affirmed the judgment, and this further appeal is now prosecuted.

The appellee was riding on an open electric street car of appellant's line on Elston avenue and wanted to get off at Central Park avenue. When the car reached a point about three hundred feet from Central Park avenue he rose from his seat in the middle of the car, at the same time raising his hand as a signal to the conductor, who was standing on the rear platform, went over to the side of the car and stepped down on the foot-board. Almost immediately he fell from the car, was run over by the trailer, there being two cars in the train, and received the injuries complained of, resulting in the amputation of one of his legs close to the body.

The appellant contends that it was error to refuse its request to instruct the jury to find it not guilty, because

there is no evidence of negligence on its part and the evidence shows that the accident was caused by the appellee's own negligence. The negligence charged which the evidence tended to prove was, that appellant had allowed its road-bed and tracks to become so defective and unsafe that the cars passing over said defective tracks made it dangerous for passengers riding thereon, and that the plaintiff, having signaled the conductor to stop, while preparing to get off was thrown from the car by a jerk caused by the defective condition of said track and road-bed. The accident occurred in the afternoon. Appellee was between fourteen and fifteen years of age and was familiar with this line of street cars, having traveled over it frequently. The cars were running ten or twelve miles an hour. There was evidence that they were rocking and swaying,—running rough,—and that the pavement of wooden blocks between the rails was being repaired at the place of the accident and the rubbish thrown to one side. Appellee testified that when he got down on the foot-board he had hold of the iron bars at the ends of the seats with both hands; that there was a quick jerk of the car and he fell to the ground. There was evidence to the contrary as to the jolting, uneven motion of the cars, but it was a question for the jury as to whether the swaying, jolting and bounding of the car as described by the witnesses was attributable solely to its rapid motion over a smooth track or to the rough and defective condition of the track. The evidence fairly tends to support the allegation of the declaration in this respect.

As to the care of appellee. He left his seat in the middle of the car, where he was safe, when within about three hundred feet of his destination, which the car would reach, at the rate it was traveling, within fifteen or twenty seconds. Whether he gave any signal or not, his getting up from his seat and getting down on the foot-board was sufficient notice to the conductor of his intention to leave the car. The car was not crowded,—was not full,—and the con-

ductor saw him. The conductor did not anticipate danger or he would have warned the passenger, a boy who could hardly be expected to exercise the same prudence as an older person. The conductor did not give any signal to the motorman, and there was no negligence in his failure to do so, for the car was not yet near enough to the crossing. But it is impossible to say, as a matter of law, that appellee was guilty of a want of ordinary care in leaving his seat and stepping down on the foot-board to wait for the car to stop when so near his destination. The question of the negligence of a passenger in standing on the platform or stepping on the foot-board of a street car while in motion is a question of fact for the jury. *North Chicago Street Railroad Co.* v. *Baur,* 179 Ill. 126; *Denver Tramway Co.* v. *Reid,* 45 Pac. Rep. 378; *Sweeney* v. *Kansas City Cable Railway Co.* 150 Mo. 385.

The appellant objects to the appellee's fifth instruction, which is as follows:

"'The court instructs the jury that a boy of fourteen years of age is only required to exercise that degree of care and caution which boys of his age, capacity, intelligence and experience may reasonably be expected to use under like circumstances; and if the jury believe, from the evidence, that the plaintiff was, just before and at the time of receiving his alleged injuries, exercising such care, then the plaintiff was exercising all the care the law required of him."

It is said the word "only" tended to belittle the degree of care the plaintiff was required to exercise. The object of the instruction was to call attention to the fact that the plaintiff's youth might reduce the degree of care which could be expected of him, and the use of the word "only" in this connection was not improper.

It is urged that the words "just before and at the time of receiving his alleged injuries," limit too closely the time within which the plaintiff is required to have exercised ordinary care. This objection is hypercritical. The jury

could have no difficulty in understanding the time meant. They, without doubt, understood the time when care was required of the plaintiff to be, not when the wheel of the trailer was actually passing over him, but when the events occurred causing his injury. That is the ordinary meaning of the words used. The few seconds in which the whole transaction took place are covered by the words "just before and at the time of receiving his alleged injuries." "The words 'at the time,' as used in the instruction, refer to the whole transaction or series of circumstances, from the time the plaintiff reached the tracks to the time when he was injured, leaving it to the jury to determine whether he used due care before he stepped upon the unoccupied track and while he stood there." *Lake Shore and Michigan Southern Railway Co.* v. *Johnsen*, 135 Ill. 641; *McNulta* v. *Lockridge*, 137 id. 270; *Chicago and Alton Railroad Co.* v. *Fisher*, 141 id. 614.

Appellee's sixth instruction, as to the parts objected to, was approved by this court in *Illinois Central Railroad Co.* v. *Cole*, 165 Ill. 334, and *Chicago City Railway Co.* v. *Smith*, 226 id. 178.

It is insisted that improper questions were permitted to be put to witnesses, to appellant's prejudice, in this: that counsel for appellee asked him, as a witness, if he had not seen passengers on the Elston avenue car line use the footboard to ride on. An objection to the question was sustained and counsel for plaintiff argued to the court that it was competent. Counsel did not pursue the matter after an adverse ruling, and it does not appear that he tried to get improper testimony before the jury or to prejudice it.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*