JOSEPH P. WARD, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. EVIDENCE—*witness may state that he was not under influence of liquor.* Where evidence has been introduced to show that plaintiff in a personal injury case had taken one or more drinks during the evening of the accident, it is not error to allow the plaintiff to testify that he was not under the influence of intoxicating liquor at the time of the accident, and it is not necessary to confine his testimony to the quantity of liquor he had consumed.

2. INSTRUCTIONS—*court is not required to repeat same matter in different instructions.* It is not error for the court to refuse an instruction if all that the party asking it is entitled to have said on the subject has been embodied in a given instruction.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

WATSON J. FERRY, (JOHN R. HARRINGTON, of counsel,) for appellant.

JAMES C. McSHANE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Joseph. P. Ward brought an action against the Chicago City Railway Company to recover damages for an injury which necessitated the amputation of his left leg below the knee. He recovered a judgment in the superior court of Cook county for $4000, which judgment has been affirmed by the Appellate Court for the First District. The Chicago City Railway Company has prosecuted an appeal to this court, and insists here upon a reversal for the reasons (1) the court refused to direct the verdict; (2) the court erred in admitting certain evidence; and (3) in refusing certain instructions asked on behalf of defendant below.

The declaration consists of three counts. In the first count it is charged that appellant recklessly and negligently started its car suddenly forward without warning to the appellee, by means whereof appellee was thrown from the car to the ground and under the wheels of said car. The second count charges that appellant had negligently permitted snow and ice to accumulate and remain near its track, so that appellee, in attempting with due care to alight from the car, slipped upon the frozen ice and snow under the car and was injured. The third count is not relied on to support the judgment and need not be noticed.

The accident in question occurred about 10:30 on the night of the 18th of February, 1905, at Thirty-first and La-Salle streets, in the city of Chicago. Appellee was a pas-

senger on appellant's car going east on Thirty-first street. He stood in the body of the car near the door until the car passed Wentworth avenue. LaSalle street, where he intended to get off, is the next street east of Wentworth. When the car was about midway between the two streets he went out on the front platform and told the motorman he wanted to get off at LaSalle street. When the car reached the west side of LaSalle street it began to slacken its speed, and when the front end of the car was near the east sidewalk appellee stepped down on the step, supporting himself by holding to the hand-rails on either side of him. He was facing ahead, intending to leave the car when it stopped. When the front end of the car was a few feet east of the east line of the sidewalk on LaSalle street the car was moving about as fast as an ordinary walk. Appellee then raised his right foot and was in the act of stepping off the car when the car made a sudden lurch or jerk forward, which threw appellee off the car, and his foot slipped under the car and was caught under the wheels and crushed so that it became necessary to amputate it.

The evidence shows that there had been frequent snows during the month of February, prior to the accident, and that the weather had been below freezing continuously from the first day of February until the night of the accident. It also appears that appellant had by the use of snow plows plowed the snow off of its tracks and left a sloping ridge of snow and ice just south of the south rail. This ridge sloped toward the rail and the evidence tends to show that it was practically like ice.

Appellant's contention is, in support of the first assignment of error, that there is no evidence tending to prove that the sudden starting of the car which caused appellee to fall was the result of any negligent act of appellant. Appellee testifies that it was the sudden jerk of the car that threw him off. Besdick, a witness for appellee, testifies that he was on the car at the time of the accident, and that the car

slowed down at LaSalle street and then gave a jerk as if to go on forward. Felix Harrison testifies that he was on the north-west corner, on the night of the accident, of LaSalle street and Thirty-first street; that he saw the car coming up and saw it slow up to a stop and make a quick start, and immediately he heard some one holler; that he heard the hollering just as the car started up. Eddie Myers was a passenger on the car, and he testifies that after the car came near a stand-still it gave a sudden jerk. He also testifies that the motorman pulled the lever, and that it was at that time that Mr. Ward disappeared. He says also that appellee was on the steps when the lever was thrown. This evidence warranted the court in submitting the case to the jury under the first count. There was no error in denying appellant's motion for a directed verdict.

Appellant next contends that the court erred in permitting appellee, over its objection, to testify that he was not at the time of the accident in any degree under the influence of liquor. Evidence had been introduced showing that appellee had taken one or more drinks during the evening of the accident. The purpose of this evidence was presumably to show that appellee was intoxicated. Appellant contends that it was only proper for appellee to state the quantity of liquor drank and let the jury determine whether he was drunk or sober. We think this is not the only evidence receivable on the question of intoxication. We think it was competent for appellee to testify that he was not under the influence of intoxicating liquors at the time of the accident. 17 Cyc. 135; *Dimick* v. *Downs*, 82 Ill. 570.

It is next insisted by appellant that the court erred in refusing to give instruction No. 41 asked on behalf of appellant. That instruction told the jury that appellee, under the circumstances stated in the instruction, assumed the risk of injury from the condition of the street. There was no error in refusing this instruction, since all that appellant was entitled to on that subject was embodied in instructions

Nos. 13 and 14, which were given at its request by the court. Instruction 13 which was given told the jury that the plaintiff could not recover on the ground, solely and only, of the condition of the street, with respect to snow and ice, at the time and place in question. The court was not required to repeat the same matter that was stated in instructions given. The court did not commit any reversible error in refusing the other two instructions complained of.

No other reasons are urged why this judgment should be reversed. It is accordingly affirmed.

*Judgment affirmed.*