## Carl S. Swanson, by his next friend, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,519.

1. EVIDENCE—*what part of res gestae.* A statement otherwise hearsay is competent as part of the *res gestae* if it was connected with the accident in question both in relation thereto and in proximity of time.

2. ORDINARY CARE—*degree required of minors.* A minor boy is only required to exercise that degree of care and caution which boys of his age, capacity, intelligence and experience may reasonably be expected to use under like circumstances.

3. INSTRUCTIONS—*must not be argumentative.* An instruction on comparative negligence if argumentative is properly refused.

4. INSTRUCTIONS—*must not ignore counts of declaration.* An instruction is properly refused which ignores the theory of recovery supported by a good count of the declaration.

5. INSTRUCTIONS—*must be predicated upon the evidence.* An instruction not supported by any evidence in the cause is properly refused.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed April 20, 1909.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court in an action brought by appellee Swanson against appellant to recover damages for injuries resulting from negligence of appellant's servants.

Appellee, a boy a little less than nine years of age, with several other boys, while on his way home from school was attracted by a south-bound grip car and trailer belonging to appellant which was stopped for some time about opposite No. 3531 Cottage Grove avenue. The evidence on behalf of appellee tends to show that the conductor of the train was standing with his back against the rear dashboard of the grip car, on the west side of the couplers, apparently trying to push against the rear dashboard with his back. While in this position he invited appellee and other boys

standing by to assist him, saying to them, "Come on boys and help push the car".

Appellee being face to face with the conductor and, with his knowledge, pushed on the west side of the trailer, taking hold of a rim or projection which ran along the side of the car about the height of his breast from the ground. The cars began to move forward. The conductor thereupon stepped on board the train and gave no further attention to the boys. Appellee and others continued to push, appellee walking opposite the right rear wheel of the car. When the car had moved about ten feet, its speed was suddenly increased with a jerk, and appellee was pulled down, his left leg going over the low side fender and between it and the wheel of the car, which as it revolved ground against his leg and into his flesh. The car ran with appellee's leg in this position about 350 feet to the corner of Thirty-sixth street before it was stopped, although several men and boys ran alongside of the grip car shouting, "Stop the car; a boy is hurt". Appellee in the meantime was clinging to the rim or projection and keeping his body off the ground with his right foot. His leg was found nearly ground through, and had to be amputated at the knee.

The evidence on behalf of appellant tends to show that the cable which propelled the cars on the Cottage Grove avenue line had stopped; that there were a number of lads playing tag, jumping on and off the cars and running through the cars, shouting and ringing the bell while the train was stopped and after it began to move; that the trainmen warned the boys off the train; that the train started without any jerking; that after the train started the boys followed it, shouting and yelling as they had been doing before; that the trainmen did not have any notice that appellee was in peril or danger until the train had nearly reached Thirty-sixth street when some men on the street notified the conductor that one of the boys was in a perilous position and he thereupon gave the emer-

gency signal to stop, and the train was brought to a stop within a few feet; that no invitation was given to appellee or the other boys to assist in pushing the cars, and that no reason could possibly have existed for such a request, for the reason that the cable was never out of the grip, and if it had been, the train could not have been moved a sufficient distance in that way to have reached the first "pick-up" which was located south of Thirty-ninth street, some four blocks from the place of the accident.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; JOHN R. HARRINGTON, of counsel.

JOHN E. WATERS and FRANCIS J. WOOLLEY, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Counsel for appellant have presented an elaborate argument upon the evidence in the record to show that the verdict of the jury is not justified, because there is no evidence that appellant was guilty of the negligence averred in the declaration.

The first, second, fourth and fifth counts of the declaration aver knowledge, actual or implied, by appellant of appellee's dangerous position while pushing the car near the wheel, and that with such knowledge it carelessly started the car suddenly and thereby caused appellee to be thrown against and beneath the wheel, without notifying appellee that it intended to so start the car, so that he might remove himself from his dangerous position.

The gist of the sixth count is that after appellee's leg was on the fender in front of the wheel, and with the wheel grinding against it, a loud outcry was raised by the bystanders, and that by reasonable heed and attention to what was going on about the car, appellant would have known appellee's dangerous position,

etc., and could and would have stopped said car in a very short distance before injury to appellee, but that appellant carelessly failed to heed the cries of appellee and the bystanders and failed to learn and know that the wheel was grinding appellee's leg, and to stop the car accordingly for a great and unreasonable distance, etc.

We have examined the evidence with great care and also the arguments and contentions of counsel on both sides. The testimony is squarely contradictory and irreconcilable upon the question of notice to the conductor of appellee's position before the train started, and upon the question whether the train started with a jerk. The testimony is contradictory as to the notice to appellant's trainmen that appellee was injured and in peril immediately after the train started and while it was moving, and upon the question of negligence in not stopping the train promptly upon the outcries made by appellee and the bystanders. Upon the state of the evidence in the record bearing on these questions we cannot say that the verdict of the jury is not justified by the evidence, or that there is no evidence tending to prove that appellant was guilty of the negligence alleged in the declaration or any count thereof. We think the question of appellant's negligence as alleged in the declaration must be regarded as settled by the verdict.

We do not find any substantial basis in the record for the contention that the jury were influenced by motives of prejudice or swayed by sentiments of sympathy; and that the jurors were not governed by the evidence in reaching their verdict.

It is insisted on behalf of appellant that the court erred in admitting the testimony of appellee, Ruse, Wood, Delpire and others, to the effect that the conductor requested appellee and the witnesses to push the train. One ground of this contention is that this request, if made, was before the train started and several minutes, at least, before the accident. The

request, therefore, was no part of the *res gestae*. In our opinion, under the evidence, it was so connected with the accident, both in relation to it and in proximity of time, to be properly admitted in evidence. We think it tends to illustrate and interpret the other parts of the transaction of which it was itself a part. Chicago W. D. Ry. Co. v. Becker, 128 Ill. 545.

It is difficult to believe that the conductor made the request, if it was made, with any idea that the boys could move the train or that there was any reason to suppose it would do any good or serve any useful purpose, if they could move it. The invitation to push, if made at all, must have been made in jest. No claim was made in the declaration or on the trial that appellant was liable for negligence in inviting appellee to push the train. The evidence was offered in connection with other evidence for the purpose of showing actual knowledge on the part of the conductor that appellee was pushing the car and the danger he was in of being injured by starting the car without notice to him. For this purpose we think the evidence was competent.

We find no reversible error in giving the eleventh and twelfth instructions requested by appellee. Star Brewing Co. v. Hauck, 222 Ill. 350; Chicago W. D. Ry. Co. v. Ryan, 131 *id.* 474; Pierce v. Walters, 164 *id.* 560.

As to instruction No. 40, requested by appellant and refused by the court, we are of the opinion that the first proposition of the instruction, that appellee must prove he was not guilty of any want of ordinary care, prudence and caution, is not properly qualified to make it applicable to appellee, who was under nine years of age. The rule on this subject was properly stated in instruction No. 38, given at appellant's request, which told the jury that appellee was only required to exercise that degree of care and caution which boys of his age, capacity, intelligence and experience may reasonably be expected to use under like

circumstances.    Peterson v. Chicago T. Co., 231 Ill. 324, 327.

The second proposition contained in this instruction was fully covered by instructions Nos. 24 and 25, requested by appellant.

The forty-first instruction (refused) on comparative negligence was argumentative. It also ignores the case made under the sixth count of the declaration, under which appellee might recover although he was guilty of negligence in getting into the position where he was injured.  The refusal of the instruction was not prejudicial error.

The court did not err in refusing to give the forty-second instruction, for there was no evidence that appellee had gotten upon the car to steal a ride thereon. There was no evidence on which to base the instruction.

We find no material error in the record, and the judgment is affirmed.

*Affirmed.*