KATE A. MOORE, Defendant in Error, *vs.* THE AURORA, ELGIN AND CHICAGO RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed June 29, 1910—Rehearing denied October 11, 1910.*

1. TRIAL—*when court does not err in not taking case from the jury.* If the declaration in a personal injury case states a good cause of action and the evidence in favor of the plaintiff fairly tends to support the declaration the court does not err in refusing to take the case from the jury, though the evidence, on the whole case, is conflicting.

2. EVIDENCE—*when refusal to admit written statement in evidence to impeach witness is harmless.* Refusal to admit in evidence, for the purpose of impeachment, a written statement by a witness made shortly after the accident, and which it is claimed conflicts in some particular with his testimony on the trial, is harmless, where the statement is shown to the witness, who admits that he read and signed it, and the alleged conflicting portions of the statement are read to him in the presence of the jury and are admitted by him to be contained therein.

3. NEGLIGENCE—*right of a passenger to assume that she will have reasonable time to alight from street car.* After a street car has stopped at a street crossing, a passenger who has signaled for the stop may assume that the car will not start until she has had a reasonable time to leave the car in safety.

4. INSTRUCTIONS—*instructions should be considered as a series.* In considering instructions, those for the plaintiff and those for

the defendant should be considered together, and if, when so considered, they fairly state the law of the case they are sufficient, and omissions in one party's instructions may be cured by the instructions given for the other.

5. SAME—*when instruction as to due care covers time plaintiff was alighting from the car.* An instruction for the plaintiff, in an action for damages against a street railway, which requires the plaintiff, as an essential to a recovery, to have exercised reasonable care for her safety "at and before the time of the injury," covers the period from the time the passenger got up to leave the car until she stepped from the car.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. L. C. RUTH, Judge, presiding.

ALBERT J. HOPKINS, DAVID J. PEFFERS, and JAMES S. HOPKINS, for plaintiff in error.

RUSSELL & BOTSFORD, (T. E. RYAN, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case, commenced in the circuit court of Kane county by Kate A. Moore, defendant in error, against the Aurora, Elgin and Chicago Railroad Company, the plaintiff in error, to recover damages for a personal injury sustained by the defendant in error while attempting to alight from one of' the cars of the plaintiff in error, in the city of St. Charles. The case was tried upon a declaration containing one count, and the general issue was filed. A verdict was returned and a judgment rendered in favor of the defendant in error for the sum of $6125, which judgment was affirmed by the Appellate Court for the Second District for the sum of $5134, after a *remittitur* for $991, which covered the medical and other expenses of defendant in error in being cured of the in-

jury, had been entered in the Appellate Court by the defendant in error, and the record has been brought to this court by writ of *certiorari* for further review.

It is first contended that the court erred in declining to take the case from the jury at the close of all the evidence. The count of the declaration upon which the case was tried stated a good cause of action, and while the evidence was conflicting, the evidence of the defendant in error, standing alone, fairly tended to support the declaration. We can not therefore say, as a matter of law, that the trial court erred in declining to take the case from the jury.

It is next contended the court erred in refusing to admit in evidence, for the purpose of impeachment, a statement in writing made by the witness Millen shortly after the accident occurred. The statement offered in evidence was claimed in some particulars to be in conflict with the testimony of the witness given upon the witness stand. The statement was shown to the witness and he admitted that he had read it and signed it, and the portions thereof which were claimed to be in conflict with his oral testimony were read to him in the presence of the jury and were admitted by him to be contained in the statement. In *Illinois Central Railroad Co.* v. *Wade*, 206 Ill. 523, on page 532, it was said: "If a witness admits that he made statements imputed to him to have been made as fully as claimed to have been made, further proof of the fact may be unnecessary, but when the witness denies or does not directly admit that he made the statements, the impeaching proof should be permitted to be given." It is clear from an examination of the record that the jurors were as fully informed of the parts of the written statement which tended to contradict the testimony of the witness as they would have been had the entire statement been admitted in evidence. The court did not commit reversible error in declining to admit the written statement in evidence.

It is also contended the court erred in giving to the jury the following instruction:

"The court instructs the jury that if you believe, from a preponderance of the evidence, that the plaintiff in this case directed the conductor of defendant's car upon which she was then riding to stop the car for her at Prairie street, and if you further believe, from a preponderance of the evidence, that the said conductor did so stop the said car at the said Prairie street, then you are instructed that the plaintiff had the right to assume that the said conductor would not cause the said car to start until she had reasonable time to safely alight therefrom."

The evidence showed the defendant in error alighted from the car while it was in motion. The defendant in error testified the car and rear platform were crowded with passengers, and that when the car stopped at the street crossing near her home she got up from her seat in the car and passed out through the car to the rear platform and took hold of the hand-iron and stepped from the car to the ground; that she did not know and had no warning that the car was moving when she stepped from the car and fell. One Wagner testified he was a passenger standing upon the rear platform of the car; that as the defendant in error was about to leave the car he said to her the car was moving and not to attempt to leave the car or she might fall,—to wait until the car stopped before attempting to get off; that the defendant in error replied she must and could get off. This conversation was denied by the defendant in error. Two criticisms are made upon this instruction. The first, that the defendant in error, as a matter of law, did not have the right to assume that the conductor would not cause the car to start until she had a reasonable time to safely alight therefrom; and secondly, that the instruction ignored the evidence of Wagner that he warned the defendant in error the car was in motion and not to attempt to alight therefrom.

The law is well settled in this State that after a car has stopped at a street crossing, a passenger desiring to leave the car has the right to assume it will not start until he has had a reasonable time to leave the car in safety. (*Mc-Nulta* v. *Ensch,* 134 Ill. 46; *Chicago and Alton Railroad Co.* v. *Arnol,* 144 id. 261; *Chicago and Alton Railroad Co.* v. *Blaul,* 175 id. 183; *North Chicago Street Railroad Co.* v. *Brown,* 178 id. 187; *Ackerstadt* v. *Chicago City Railway Co.* 194 id. 616; *Baltimore and Ohio Southwestern Railroad Co.* v. *Mullen,* 217 id. 203.) We think the first objection made to the instruction is without force. The second objection would be of some importance if the instruction complained of stood alone. We think, however, the objection thereto was cured by the following instruction, which was given on behalf of the plaintiff in error:

"The court instructs the jury that if you believe, from the evidence, that the plaintiff, after the car was in motion and before she attempted to alight therefrom, was warned or cautioned not to attempt to alight from the car, if so shown by the evidence, and that thereafter the plaintiff attempted to alight from the said car while it was in motion, then under those circumstances, if so shown by the evidence, the plaintiff assumed all risks incident to her attempt to alight from the car, and your verdict must be for the defendant."

The rule is that the instructions should be considered as a series,—that is, the instructions for the plaintiff and the defendant should be considered together,—and when so considered, if they fairly state the law of the case they are sufficient, and that omissions in the plaintiff's instructions may be cured by those given on behalf of the defendant. *Lawrence* v. *Hagerman,* 56 Ill. 68; *Lourance* v. *Goodwin,* 170 id. 390.

It is finally contended that the court committed reversible error in giving to the jury, on behalf of the plaintiff, the following instruction:

"The court instructs the jury that if you believe, from the preponderance of the evidence, that the plaintiff has proven her case as laid in her declaration, then you will find the issues for the plaintiff."

The objection urged against this instruction is, that it ignores the negligence of the defendant in error in attempting to alight from the car while it was in motion; that, conceding the testimony of defendant in error to be true that she did not know the car was in motion when she attempted to alight, while she might have been in the exercise of due care at the exact time she attempted to leave the car, she was not in the exercise of due care in not ascertaining the car was in motion before she attempted to alight; that by the instruction, when taken in connection with the averment of the declaration that while the plaintiff was pressing her way through the said car she "did not observe that the said car was in motion but continued on her way through the said crowd so standing on said rear platform as aforesaid," a recovery was permitted although the defendant in error was guilty of negligence which directly contributed to her injury. By the last instruction given for defendant in error the jury were informed that she could not recover unless it appeared from the evidence that "at and before the time of the injury" she was in the exercise of reasonable care for her own safety. This instruction covered the period from the time the defendant in error started from her seat in the car until she stepped from the car. (*Peterson* v. *Chicago Consolidated Traction Co.* 231 Ill. 324; *Knox* v. *American Rolling Mill Corporation,* 236 id. 437.) The two instructions, when taken together, correctly stated the law. There was no reversible error committed by the court in the giving of the instruction last above complained of.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*