HARRY DICKERSON, Defendant in Error, *vs.* THE HENRIETTA COAL COMPANY, Plaintiff in Error.

*Opinion filed October 25, 1911.*

1. MINES—*when action for damages for violation of Mines and Miners act should go to jury.* An action for damages based upon the willful failure of a mining company to observe the provision of the Mines and Miners act requiring props of suitable dimensions to be furnished on demand is properly submitted to the jury, where the evidence as to whether props were necessary, whether they were demanded of the proper persons and whether the demand was disregarded is sharply conflicting, but the evidence for plaintiff, if considered as true, is sufficient to establish such facts in his favor.

2. EVIDENCE—*when refusal to admit writing signed by witness is not reversible error.* The refusal to admit in evidence a writing signed by a witness containing a statement in conflict with his testimony on the trial is not reversible error, where the statement at variance with his testimony is read to him in the presence of

the jury and he admits that he signed the paper and made the statement but claims he made it on hearsay.

3. INSTRUCTIONS—*what is not an improper modification of instruction as to weight of the plaintiff's testimony.* An instruction stating that the plaintiff is allowed to testify on his own behalf, but that the jury, in considering and weighing his testimony, has a right to, and should, take into consideration the fact that he is the plaintiff in the suit and interested in the result thereof, is not improperly modified by adding the words "and should judge the weight of his testimony by same tests applied to other witnesses."

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

CHARLES P. WISE, DAVID E. KEEFE, and WILLIAM E. WHEELER, (MASTIN & SHERLOCK, of counsel,) for plaintiff in error.

GEERS & GEERS, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Madison county by Harry Dickerson, the defendant in error, against the Henrietta Coal Company, the plaintiff in error, to recover damages for a personal injury alleged to have been sustained by the defendant in error while he was in the employ of the plaintiff in error in its mine, mining coal, in consequence of the willful violation of the Mines and Miners act by the failure and refusal of the plaintiff in error to furnish the defendant in error, on demand, props of the proper dimensions with which to properly secure the roof of the room in the mine in which the defendant in error was at work as a coal miner, the result of which failure and refusal was that a portion of the roof of the room where the defendant in error was at work mining coal fell upon and injured defendant in error. The case was submitted to the jury upon a declaration con-

taining two counts, and the general issue was filed. Upon a trial before the court and a jury a verdict was rendered in favor of the defendant in error for the sum of $2000, upon which verdict the court rendered judgment in his favor after overruling a motion for a new trial, which judgment was affirmed, upon appeal, by the Appellate Court for the Fourth District, and the record has been removed into this court for further review by writ of *certiorari*.

Three reasons are urged as grounds of reversal in this court: (1) The court erred in declining to direct a verdict in favor of the defendant at the close of all the evidence; (2) the court erred in its rulings upon the evidence; and (3) the court improperly modified the defendant's second offered instruction before giving the same to the jury.

The evidence shows the plaintiff was engaged in mining coal in the mine of the defendant; that the roof of the room in which he was at work was unsafe, and that a large rock fell from the roof and struck the plaintiff and injured him. The plaintiff and his "buddy," William Varvara, testified that the roof of the room was in an unsafe condition; that the plaintiff requested the mine manager of the defendant two days prior to the accident, and one of the drivers of the defendant at eight o'clock on the morning of the accident, as was the custom in the mine, to send in props five and one-half feet in length with which to secure the roof of the room; that no props were sent in, and that the rock which injured the plaintiff fell from the roof of the mine at about eleven o'clock in the forenoon. The mine manager and the driver each denied that a request for props had been made by the plaintiff, and a number of witnesses (six or eight) who were employees of the defendant testified they examined the room shortly after the rock fell and found props in the room, or near by, of suitable dimensions to secure the roof. The plaintiff and William Varvara admitted there were props in the room and near

by, but testified they were not of the requisite length, as they were only four and one-half feet long; that they had only one prop five and one-half feet in length, which was the requisite length for use in the room, and that they had used that prop before the roof fell.

It is apparent from what has been stated that the evidence was conflicting upon the questions whether props were needed to secure the roof of the room where plaintiff was at work at the time he was injured, whether he had requested that props be furnished him with which to secure the roof of his room, and whether the defendant had failed and refused to furnish the plaintiff with props of the requisite length to secure the roof after it had been requested, through its mine manager and one of its drivers, so to do. The evidence being conflicting upon the questions whether props were necessary, whether a request had been made by the plaintiff to the proper persons to send in props, and whether such request had been disregarded, these questions were all questions of fact for the determination of the jury, and as the evidence of the plaintiff, standing alone, fully tended to support the cause of action set out in his declaration, the trial court did not err in declining to take the case from the jury.

A witness by the name of Henry Wiese testified upon the trial, for the plaintiff, that he was in the room shortly after the falling of the rock which injured the plaintiff, and while at that time he saw props in the room, he could not state how long they were. On cross-examination he was asked if shortly after the accident he did not sign a statement in writing, in which he stated there were props in the room in which the plaintiff was injured five and one-half feet in length, and upon being shown the statement he admitted he signed it but stated that he did not measure the length of the props which he saw in the room, but only heard others who were present state the length of the props

which were in the room at the time of the accident. Thereupon the defendant offered in evidence the written statement referred to, which statement was also signed by other persons and contained statements as to the length of the props which were necessary to secure the roof in the room where the plaintiff was injured. The court, on objection, excluded the written statement. The objection first made to the admission of the written statement was, that it was signed by persons other than the witness and contained matters about which the witness had not testified. The defendant thereupon offered to eliminate from the written statement everything excepting the statement that there were present in the room props five and one-half feet in length, and it was again offered and again excluded upon the ground that the witness admitted he had signed the statement and that it contained the statement that there were props in the room five and one-half feet in length. The witness admitted he had signed the written statement and that it contained the statement that there were props in the room five and one-half feet in length, and the admission of the statement in writing in evidence would not have given the jury any additional light upon that subject. We do not think, therefore, the exclusion of the written statement constituted reversible error.

In *Moore* v. *Aurora, Elgin and Chicago Railroad Co.* 246 Ill. 56, a statement in writing signed by a witness, which was somewhat in conflict with the testimony of the witness given on the trial, was offered in evidence and excluded. It appeared that the witness admitted he had signed the writing, and the parts which were claimed to be in conflict with his oral testimony were read to him in the presence of the jury, as was the case here. The court, in disposing of the question, on page 58 said: "The statement was shown to the witness and he admitted that he had read it and signed it, and the portions thereof which were claimed to be in conflict with his oral testimony were

read to him in the presence of the jury and were admitted
by him to be contained in the statement. * * * It is
clear from an examination of the record that the jurors
were as fully informed of the parts of the written state-
ment which tended to contradict the testimony of the wit-
ness as they would have been had the entire statement been
admitted in evidence,"—and it was held the court did not
commit reversible error in declining to admit the written
statement in evidence. See, also, *Swift & Co. v. Madden,*
165 Ill. 41; *Illinois Central Railroad Co. v. Wade,* 206 id.
523; *Chicago and Eastern Illinois Railroad Co. v. Crose,*
214 id. 602.

The court was asked by the defendant to give the jury
the following instruction:

"The court instructs the jury that while the plaintiff is
allowed to testify in this case in his own behalf, yet in con-
sidering his testimony, and the weight to be given to it, the
jury have a right to, and should, take into consideration
the fact that he is the plaintiff in this suit and is interested
in the result thereof."

Before giving it to the jury the court modified the same
by adding thereto the following words: "and should judge
the weight of his testimony by the same tests applied to
other witnesses." A like instruction was offered in *Hen-
rietta Coal Co. v. Martin,* 221 Ill. 460, and in *Mertens v.
Southern Coal Co.* 235 id. 540, and in each instance it was
modified by the court in the same particular that it was
modified in this case, before it was given to the jury. In
each of those cases it was held that the offered instruction
was properly modified. In the *Martin case* the court, on
page 470, said: "The fourth instruction requested by ap-
pellant advised the jury that in weighing the testimony of
the plaintiff they had the right to take into consideration
his interest in the result of the suit. The court modified
it by adding a clause telling them they had the right to
weigh that testimony 'by the same rules applied to the tes-

timony of all other witnesses.' The witness Zak was injured in the same accident and had a suit pending to recover for his injuries, and appellant's fifth instruction was to the effect that the jury might consider these facts in determining what credence to give to his testimony. The court modified it in like manner as the fourth. As given, these two instructions stated correct propositions." And in the *Mertens case,* on page 551, it was said: "It is also said that the court erred in modifying appellant's fourteenth instruction, which stated the rule of law by which the jury should be governed in weighing appellee's testimony, by adding thereto the words, 'and weigh his testimony by the same tests as applied to other witnesses.' The same modification was made to appellant's fourth instruction in *Henrietta Coal Co.* v. *Martin, supra,* and the modification was held not to be improper." We do not think the court committed reversible error in modifying said instruction.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*