ABE KORN, Defendant in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error.

*Opinion filed December 22, 1915—Rehearing denied Feb. 4, 1916.*

1. INSTRUCTIONS—*when instruction as to exercise of due care is not misleading.* Where the acts of the plaintiff in taking hold of the hand-rail of a standing street car and raising his foot to step upon the car and the acts of the defendant's servants in ringing the bell and starting the car are so connected as to form practically but one transaction, the fact that an instruction only requires the exercise of due care by the plaintiff when he took hold of the hand-rail and raised his foot to step on the car does not render the instruction misleading.

2. SAME—*when refusal of correct instructions is not reversible error.* The refusal of instructions stating correct rules of law as to the right of the jury to consider the interest of the plaintiff in the suit in weighing his testimony and as to the weighing of the testimony of witnesses who were employees of the defendant is not reversible error, where the plaintiff was corroborated on the material issues by disinterested witnesses, and where the testimony of the witnesses who were employees is such that the jury might have believed it all and still been authorized to find for plaintiff.

3. SAME—*court is not required to give substantial repetitions of instructions.* The court is not required to give instructions announcing, in slightly different language, rules of law announced in other instructions which have been given.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding.

CHARLES L. MAHONY, and FRANK L. KRIETE, (W. W. GURLEY, and J. R. GUILLIAMS, of counsel,) for plaintiff in error.

BROWN, BROWN & BROWN, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Defendant in error, Abe Korn, brought suit in the superior court of Cook county against plaintiff in error, the Chicago Railways Company, to recover damages for personal injuries alleged to have been sustained by him as a passenger on one of plaintiff in error's cars. The accident occurred May 29, 1911. In the original declaration, filed July 10, 1911, it is charged defendant in error was injured on May 30, 1911, while attempting to alight from a car at the intersection of VanBuren and Desplaines streets, in the city of Chicago, by reason of the negligent starting of the car. In the amended declaration, filed some months afterwards, it is charged that defendant in error was injured by reason of the servants of plaintiff in error negligently starting the car while he was attempting to board the same at the intersection of the streets as above stated. A plea of general issue was filed to the declaration and a trial had, resulting in a verdict for the plaintiff for $2150, which was subsequently set aside and a new trial granted. On the second trial the jury returned a verdict in favor of plaintiff for $1625. A motion for a new trial and in arrest of judgment was made and overruled and judgment entered on the verdict. Plaintiff in error perfected an appeal from the judgment to the Appellate Court for the First District, where the judgment of the superior court was affirmed. A writ of *certiorari* was allowed by this court, and the cause is brought to this court pursuant to the mandate of such writ.

It is necessary to review the evidence somewhat in order to properly determine the correctness of the giving and refusal of certain instructions.

At the time of the accident defendant in error was employed by the Continental Tailoring Company, whose place of business is located at the corner of Desplaines street and Jackson boulevard, in the city of Chicago. Shortly after five o'clock in the afternoon of May 29, 1911, defendant in error left the place of business of that company and proceeded to the intersection of VanBuren and Desplaines streets for the purpose of taking a west-bound car from there to his home. According to his testimony the west-bound car stopped at the crossing, and as he attempted to board the car, and just as he had one foot upon the step of the car and was gripping the hand-rail, the conductor gave a signal to go ahead, the car suddenly started, his hand slipped from the rail and he fell backwards on the ground and sustained severe injuries. He was assisted to his feet by two men, who helped him to board the next car for his home, and he was taken from there to the hospital, where it was ascertained that the fibula of his left leg had been fractured and he was otherwise injured. A day or two after the accident he was visited by an investigator for plaintiff in error and told him that he was injured on May 29 while attempting to board a car as testified to by him, gave the names of the two persons who assisted him on the car as the only ones who saw the accident, and is reported to have said that the car which he took to his home, being the next car after the one from which he was thrown, was car No. 737. On the trial he testified that he thought the number of the car on which he went home was No. 107.

Defendant in error's testimony as to circumstances of the accident is corroborated to a large extent by four other apparently disinterested witnesses. H. Cooperman testified that he did not witness the accident but that he came north on Desplaines street about that time and defendant in error was standing on one foot with a man supporting him, and that witness afterwards helped this man put defendant in error on the following car. Bennie Batofsky testified that

at VanBuren and Desplaines streets he came upon two men holding defendant in error, who was standing on one foot while waiting to take the next car home. Sam Siegelman testified that he was at the northeast corner of VanBuren and Desplaines streets and saw defendant in error attempting to board the car, and that when he had one foot on the steps the conductor gave the bell to go ahead and defendant in error was thrown from the car, and that witness assisted him to his feet, and he thought that some other party helped him. The witness Friedman testified he saw the car which defendant in error attempted to board when it stopped at Desplaines street and saw defendant in error attempt to board the car, and that after he had one foot on the first step of the car it gave a jerk and started forward and he was thrown to the ground.

The above were all of the witnesses to testify on the trial as to the fact of the accident and the manner in which it occurred. The only evidence offered to contradict their testimony was that of the conductor of car No. 737, who testified that he left State street at 5:17½ that evening and that he knew nothing of the accident; the testimony of the conductor of the car which immediately preceded it, that his car left State street at 5:16 and that he did not recall any accident at VanBuren and Desplaines streets in connection with a passenger getting on his car; and the testimony of Simon Rubens, who had charge of the car records of the car repair shops, that car No. 107 was in the car shop for a month before May 29, 1911, and did not go out of the shop until June 1 of that year. There was also the testimony of a detective in the employ of plaintiff in error as to certain statements made to him by defendant in error, Siegelman and Friedman as to the length of the time they had been acquainted, which varied from their testimony as to such fact given at the trial. There was, however, no evidence in the record tending to contradict any of the witnesses as to the material facts in the case regard-

ing the circumstances of the accident except the negative
testimony of the two conductors and the car repair shop-
man above referred to, all of which might be true and still
the accident have happened and defendant in error been in-
jured as testified to by him and the other witnesses.   As
to the fact of defendant in error being injured at the time
and place in question and to his being helped upon a car,
neither Cooperman nor Batofsky was in any manner con-
tradicted on the trial.

The errors complained of and argued in this court are
in the giving and refusing to give certain instructions.   The
first instruction complained of is the sixth given at the in-
stance of defendant in error.   By this instruction the jury
were told that if they found, from the evidence, that the car
stopped at the corner of VanBuren and Desplaines streets
at the usual stopping place for taking on passengers, "and
that while said car was so stopped the plaintiff, with due
care and caution for his own safety, took hold of the hand-
rail with the purpose and intention of boarding said car and
become a passenger thereon, and raised one foot towards or
onto the step of the platform of said car, and while in such
position the defendant negligently started the car before the
plaintiff had a reasonable time to get aboard, * * * and
that in consequence of such starting the plaintiff was in-
jured, your verdict should be for the plaintiff."   The criti-
cism of this instruction is that it confines the exercise of
due care to the time of taking hold of the hand-rail and
stepping on the step of the platform, and not to the entire
transaction of defendant in error's attempt to board the car.
We think the criticism hypercritical.   The evidence shows
that the act of the defendant in error in taking hold of the
hand-rail and attempting to step upon the first step of the
platform and the ringing of the bell and starting of the car
were all so closely related and connected as to constitute, in
fact, but one continuous transaction covering a very short
space of time.   There was no evidence in the record to show,

or which even tended to show, that there was anything which defendant in error did or might have done to avoid the accident after he first took hold of the hand-rail for the purpose of boarding the car, or that he had sufficient warning of the starting of the car after taking hold of the hand-rail and attempting to board the car to enable him to have avoided the accident even had he attempted to do so. Where the circumstances are all so closely related and connected together as to constitute but one continuous transaction, as they were in this case, we think the jury could not have been misled as to the time covered by the instruction as to when defendant in error must have been in the exercise of due care and caution for his own safety, and we think it was not error to give the instruction. (*Peterson* v. *Chicago Traction Co.* 231 Ill. 324.) A different ruling might be made in a close case, where there was evidence tending to show that after the plaintiff became aware of his perilous position there was sufficient time for him to have extricated himself from such position and the question of the exercise of due care on his part was a close one under all of the evidence in the case.

It is next insisted that the court erred in refusing to give instructions numbered 18 and 19 tendered by plaintiff in error. The eighteenth instruction was to the effect that while the law permitted the plaintiff in the case to testify in his own behalf, the jury had a right, in weighing his evidence, etc., to take into consideration that he is the plaintiff and interested in the result of the suit. The nineteenth instruction was to the effect that while the jury are the judges of the credibility of the witnesses, they have no right to disregard the testimony of an unimpeached witness of the defendant simply because such witness was or is an employee of the defendant, but it is their duty to receive the testimony of such witness in the light of all the evidence, the same as the testimony of any other witness, and determine his credibility by the same principles and tests they deter-

mine the credibility of any other witness. While the rule announced in these instructions is the correct one and it would be error to refuse to give them in a close case where the evidence is conflicting on the vital issues and the defendant relies upon the testimony of its employees to overcome the testimony of the plaintiff, (*West Chicago Street Railroad Co.* v. *Dougherty,* 170 Ill. 379; *Chicago and Eastern Illinois Railroad Co.* v. *Burridge,* 211 id. 9;) we think the rule does not apply with the same force to a case such as the one at bar, where the plaintiff is corroborated on the material issues by other apparently disinterested witnesses and they are not contradicted as to such facts by any employee of the defendant, and the jury could have believed everything testified to by defendant's employees on such issues and still have found their verdict for the plaintiff. Under the circumstances we think it was not reversible error to refuse to give the instructions in question.

Complaint is made also of the refusal to give the twenty-first instruction offered by plaintiff in error on the question of damages. At the instance of the defendant in error the court by the fifth instruction fully instructed the jury upon this question, and the plaintiff in error does not contend but that this instruction correctly advised the jury as to the rules of law that should guide them in reaching their decision on that question. That was sufficient. The court is not required to give repeated instructions on the same question, announcing the same rules of law but only in slightly different language. *Ward* v. *Chicago City Railway Co.* 237 Ill. 633; *Blair* v. *Illinois Central Railroad Co.* 243 id. 224.

Finding no reversible error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*